## No. C-1057

**Martin Caldwell and Paul Caldwell v. A. G. Kats, G. D. Kats, Sam Kats, and Fred J. Ramaker, individually and d/b/a K & R Livestock Commission Co., Inc., a corporation v. Dick Hein**

(567 P.2d 371)

Decided July 18, 1977.                    Rehearing denied August 22, 1977.

Dailey, Goodwin & O'Leary, P.C., Daniel T. Goodwin, for petitioner.

Stanley F. Johnson, Peter D. VanSoest, for respondent.

Joseph M. Riddle, for third-party defendant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to review the opinion of the Colorado Court of Appeals to be found in 38 Colo. App. 156, 555 P.2d 190. We reverse and direct affirmance of the district court's judgments.

The petitioners (Caldwells) purchased 74 Hereford heifers from the respondent K and R Livestock Commission Co. (K&R), which it in turn had purchased from the respondent Hein. Caldwells claimed that K&R had represented that the heifers were bred to black Angus bulls. Later when the heifers dropped their calves, it was apparent that the sires were not black Angus bulls. The Caldwells brought action for damages against K&R and it in turn asked for indemnity from Hein. Under the jury's verdicts, judgment was entered against K&R in favor of the Caldwells for $22,050, and K&R recovered judgment against Hein in the amount of $11,025.

The court of appeals reversed principally because (1) the verdicts were inconsistent, (2) certain evidence should not have been admitted, and (3) the jury was not properly instructed.

■ Assuming that the verdicts were inconsistent, the fact remains that under the instructions given the jury was authorized to render these verdicts. The parties did not tender instructions to remedy the situation and, therefore, we leave them in the posture in which they placed themselves.

■ The evidence which was inadmissible, according to the court of appeals' opinion by reason of lack of causal connection, was of Caldwells' veterinary and drug bills and labor charges. No one requested at trial that the jury be instructed to disregard this testimony.

■ Error as to instructions involves instructions given without objection or instructions not tendered.

The strategies employed by the parties during the trial and the manner in which the case was tried makes this a case in which the verdicts and judgments should not be overturned. Any trial conduct which might constitute reversible error was not raised during the trial and is not of a magnitude to be considered as plain error.

The opinion of the court of appeals is reversed and the cause returned to that court for remand with directions to affirm the district court.

MR. JUSTICE CARRIGAN does not participate.