Kathleen M. KENNEDY–FUDGE,
Plaintiff-Appellee,

v.

Hubert H. FINK, Defendant-Appellant.

No. 81CA0178.

Colorado Court of Appeals,
Div. I.

March 11, 1982.

Johnson, Markis & Hunsaker, P. C., Jeanne M. Cochran, Denver, for plaintiff-appellee.

Thomas R. Bergh, Boulder, for defendant-appellant.

ENOCH, Chief Judge.

Plaintiff brought this action to recover damages to her car which was involved in a collision with defendant's vehicle. Defendant appeals from a judgment of $1,230.66 entered on a jury verdict in favor of plaintiff. We affirm.

Plaintiff presented evidence that she was driving east on Arapahoe Road in Boulder at a speed of approximately 10 m. p. h. when defendant exited from a parking lot and collided with her car, striking it twice and causing damage in the amount of $1,230.66. There was some reconstruction work being done on the street at the site of the accident.

The jury found that plaintiff was not negligent, that defendant's negligence was the proximate cause of plaintiff's damages, and that plaintiff was entitled to damages.

I.

Defendant's first contention is that the trial court erroneously instructed the jury that a person is not negligent in assuming other persons will obey applicable traffic laws. Defendant's theory was that ordinary rules of the road were not applicable in this case because of the condition of the

street at the site of the accident, that plaintiff was not entitled to assume that persons exiting the parking lot would yield the right-of-way to oncoming traffic, and that plaintiff was contributorily negligent in not seeing and avoiding defendant's vehicle. We disagree.

Defendant tendered the following instruction, derived from *Parrish v. Smith*, 102 Colo. 250, 78 P.2d 629 (1938), which he asserts properly stated the applicable law: "An ordinary prudent traveler with any warning at all in approaching a place of construction is bound to know that all rules of the road are suspended, and upon entering such an area be prepared for his own safety and that of others—to submit to and be governed by conditions as he or she finds them. In such circumstances he or she cannot rely upon written traffic rules."

We do not consider the correctness of the rule of law stated in this instruction because we find the principle which underlies it to be inapplicable in this case. The principle expressed in *Parrish, supra*, is applicable only where the street or roadway is in such a state that "changing conditions would not permit orderly travel under established rules." *Curtis v. Lawley*, 140 Colo. 476, 346 P.2d 579 (1959), quoting *Parrish v. Smith, supra. See Orth v. Bauer*, 163 Colo. 136, 429 P.2d 279 (1967) (snowslide, and mountain road conditions warranted trial court's refusal to instruct jury that driving on the wrong side of the road was negligence per se). *Cf. Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 563 P.2d 939 (1977).

■ Here, plaintiff testified that the construction work on Arapahoe Road, which is a four-lane city street, had resulted in uneven surfaces with potholes and dirt, but that the original dividing lines were still visible. Defendant testified that sand and dirt had covered up lane markings in a number of places, and that portions of the curb were missing. We agree with the trial court that these conditions did not prevent orderly travel under normal rules of the road, and did not justify the giving of an instruction supportive of defendant's theory.

II.

Defendant's second contention is that the court erred in instructing the jury that any violation of the right-of-way and speeding statutes constitutes negligence, and also erred in failing to instruct the jury that plaintiff had a duty to watch out for defendant's vehicle, notwithstanding her right-of-way. We disagree.

■ At trial, defendant did not object to the instruction given and did not tender the instruction which he now complains should have been given. Therefore, we will not consider these contentions in the absence of plain error, and we find none here. C.R. C.P. 51; *Ross v. Colorado National Bank*, 170 Colo. 436, 463 P.2d 882 (1969).

III.

Defendant next contends that the trial court erred in not granting a continuance or declaring a mistrial when plaintiff failed to produce a witness listed in her pre-trial statement. We disagree.

■ Initially, defendant does not contend, and the record does not show, that a continuance was ever requested. Therefore, we will not consider this issue on appeal. *Caldwell v. Kats*, 193 Colo. 384, 567 P.2d 371 (1977). As to the denial of defendant's mistrial motion, C.R.C.P. 16 requires only that a party supply the names of the persons he or she intends to call as witnesses. It does not require that every person listed be present at trial. *Kono v. Auer*, 51 Hawaii 273, 458 P.2d 661 (1969). If defendant wanted to assure the presence of a person listed, it was his responsibility to subpoena that person himself. *Cf. Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978).

We have considered defendant's other assertions of error and find them to be without merit.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.