Gwen **BAYLESS**, Plaintiff–Appellant,

v.

Ilene **MILSTEIN**, Defendant–Appellee,

v.

Jim **BAYLESS**, Third–Party Defendant.

No. 87CA0323.

Colorado Court of Appeals,
Div. IV.

Nov. 10, 1988.

William E. Kenworthy, Denver, for plaintiff-appellant.

Shaw Simons & Quigg, P.C., Lewis M. Quigg, Denver, for defendant-appellee.

NEY, Judge.

In this negligence action, Gwen Bayless, plaintiff, appeals from a judgment entered on a jury verdict in favor of Ilene Milstein, defendant. We reverse and remand for a new trial.

At trial, the parties testified to different versions of the "near miss" automobile accident which resulted in plaintiff's injuries. Plaintiff testified that she was a passenger in a truck, driven by her husband, which was following defendant's car. Defendant pulled over to the right side of the road and then made a U-turn directly in front of the Baylesses' truck. As a result, plaintiff's husband slammed on the brakes, and plaintiff fell to the floor of the truck. Because plaintiff was recuperating from back surgery, she suffered extensive injury.

Defendant testified that she was in the left lane, signaled for a left turn, and began to make her turn. Suddenly sensing that something was wrong, she stopped her car and looked out of her driver's side window to see the Baylesses' truck facing her on the left.

Defendant joined plaintiff's husband as a third-party defendant to force contribution from him if defendant was assessed damages. However, the jury found that defendant was not negligent, and therefore assessed no damages.

I

Plaintiff first contends the trial court erred in not directing a verdict in her favor since, regardless of whether the jury believed plaintiff's or defendant's version, defendant should have been found negligent *per se*. We disagree.

Plaintiff argues that if the jury believed her version, defendant would have been guilty of making an illegal U-turn, and would therefore be negligent as a matter of law. However, there was substantial testimony that defendant did not make a U-turn, creating an issue for the trier of fact.

Plaintiff alternatively contends that if the jury believed the defendant, the jury would have to find that defendant made an illegal stop in the middle of an intersection, thereby rendering defendant negligent *per se*. However, whether such a stop was warranted is a factual matter for the jury

to determine from the circumstances surrounding the case. *See Gaulin v. Templin,* 162 Colo. 55, 424 P.2d 377 (1967).

When two equally plausible inferences may be drawn from the circumstances, the jury, not the judge, is to decide which is to be adopted. *Richardson v. Pioneer Construction Co.,* 164 Colo. 270, 434 P.2d 403 (1967). Therefore, the trial court properly refrained from directing a verdict in plaintiff's favor.

## II

Plaintiff also contends the trial court erred in failing to instruct the jury, as requested by her husband, third-party defendant, as to the existence of a local ordinance prohibiting driving with obstructed vision. Because plaintiff neither tendered the instruction nor objected to its refusal, we will not consider the propriety of the court's ruling. *See Caldwell v. Kats,* 193 Colo. 384, 567 P.2d 371 (1977); *Kennedy–Fudge v. Fink,* 644 P.2d 91 (Colo.App 1982).

## III

Plaintiff next contends the trial court erred in permitting defendant to introduce hearsay testimony, by way of a letter, as a prior consistent statement. She argues that since there was no charge of recent fabrication or improper motive as a predicate for reinforcement of defendant's testimony, the admission of the letter was error. We agree.

At trial, both plaintiff and defendant testified to a statement made by plaintiff in a telephone conversation. However, plaintiff testified she had this conversation with defendant's daughter and disputed defendant's version of the conversation. Defendant testified that plaintiff spoke with her personally, and in support of her testimony offered the following letter that she wrote to a third person:

"Mrs. Bayless called me day before yesterday advising me that the incident was not my fault and she didn't know why she had accused me in the first place other than that she was extremely upset and didn't know what was wrong with her.

"Hopefully the issue is closed and I thank you for your help."

Citing its hearsay character, plaintiff objected to admission of the letter. The trial court, however, admitted the letter pursuant to CRE 801(d)(1)(B) on the basis that it was consistent with defendant's testimony and inconsistent with plaintiff's testimony. We conclude the trial court misinterpreted the rule of evidence.

Pursuant to CRE 801(d)(1)(B), a prior consistent hearsay statement may be introduced only to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. Here, the trial court found that because plaintiff and defendant testified to different versions of the telephone conversation, there was an implied charge against the defendant of recent fabrication. However, conflicting testimony or vigorous cross-examination is not sufficient to raise the implication of recent fabrication. *See Christmas v. Sanders,* 759 F.2d 1284 (7th Cir. 1985). The trial court's interpretation would permit the exception to swallow the rule.

This is not a case where a charge of recent fabrication was implied through the introduction of a prior inconsistent statement, nor was there any implication of improper influence. *Cf. People v. Tyler,* 745 P.2d 257 (Colo.App.1987); *People v. Bowman,* 738 P.2d 387 (Colo.App.1987).

Because the letter went to the essence of plaintiff's case regarding defendant's negligence, we cannot consider this evidentiary error harmless, and therefore we remand for a new trial.

We do not address the issues raised by plaintiff's other allegations since they are unlikely to occur on retrial.

The judgment is reversed, and the cause is remanded for a new trial.

BABCOCK and HUME, JJ., concur.