**Lorelei A. TAYLOR, d/b/a Rocky Mountain Plateau, Petitioner,**

v.

**Ronald GROGAN and The State of Colorado, Respondents.**

No. 94SC143.

Supreme Court of Colorado, En Banc.

June 30, 1995.

Rehearing Denied Aug. 28, 1995.

Quigley & Bruce, James M. Bruce, Bruce A. Logan, Denver, for petitioner.

John Randolph Torbet, Colorado Springs, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *Grogan v. Taylor*, 877 P.2d 1374 (Colo.App.1993).[1] We

---

1. We granted certiorari.to review the following issues:

1. Whether, in determining an issue within the exclusive jurisdiction of the supreme court, the court of appeals erred in ordering a new

reverse the court of appeals. The respondent, Ronald Grogan (plaintiff),[2] was injured by an explosion in his motor home on November 7, 1986. The plaintiff filed a complaint against the petitioner, Lorelei Taylor (defendant) alleging that she or her agent had negligently overfilled his propane tank. At the bifurcated trial, in which the statute of limitations issue was tried first, the defendant was permitted to call both of the plaintiff's attorneys as defense witnesses. The trial court applied a two-year statute of limitations to the jury's finding on when the plaintiff's claims accrued, and concluded that the claims were time-barred. The court of appeals reversed, and ordered a new trial because the trial was fundamentally unfair to the plaintiff. A new trial would require the defendant to again defend against the plaintiff's claims even though the defendant was not responsible for any error. Accordingly, we reverse and remand this case to the court of appeals with directions to reinstate the judgment entered by the trial court in favor of the defendant.

I

On November 7, 1986, the plaintiff suffered severe burns as a result of a propane fire in his motor home. In late January 1987, the plaintiff retained counsel who filed a complaint against the manufacturers of the motor home and motor home chassis on October 28, 1988, in federal district court. The plaintiff dismissed his claims against the chassis manufacturer and amended his federal complaint on August 3, 1990, to add a claim against the defendant based on alleged negligent overfilling of the propane tank. In

February 1991, the federal suit was dismissed because there was not diversity of citizenship.

On March 6, 1991, plaintiff's counsel filed a complaint against the defendant in state court. The defendant answered that the plaintiff's claims were barred by the statute of limitations. During discovery, the defendant sought to depose both of the plaintiff's attorneys on the statute of limitations issue. The defendant attempted to determine whether counsel acted with reasonable diligence on behalf of the plaintiff between the date of the accident and the date the claims were filed against the defendant. Both of the plaintiff's attorneys were deposed and named as defense witnesses for trial after their motions for protective orders regarding their depositions were denied.

The trial was bifurcated and the statute of limitations issue was tried first. At the jury trial the defendant was permitted to call plaintiff's counsel as defense witnesses. Plaintiff's attorneys remained as counsel throughout the trial.[3]

The jury found that the plaintiff's claims accrued on January 21, 1987, the approximate date when the plaintiff retained counsel. The trial court applied a two-year statute of limitations to the jury's finding, concluded the plaintiff's claims were time-barred, dismissed the plaintiff's complaint, and entered judgment in favor of the defendant.

The court of appeals agreed with the trial court that the plaintiff's attorneys could testify as defense witnesses at trial. *Grogan v. Taylor*, 877 P.2d 1374, 1380 (Colo.App.1993).

trial where the conflict of the plaintiffs' counsel acting as both witnesses and advocates came about as a result of the conduct of those attorneys.
2. Whether the court of appeals erred in ruling that, under Colorado Rule of Professional Conduct 3.7, a trial court is required to hold a hearing and make appropriate findings whenever an attorney remains as counsel after having been named as an adverse witness to his or her client.

**2.** On June 3, 1991, Grogan amended his complaint to include the State of Colorado as a party plaintiff because the State had paid some of Grogan's medical bills. The State is a respondent in the present case. Throughout this opin-

ion, Grogan will be referred to as the "plaintiff" and references to the State of Colorado will be to "State."

The trial court held that the State's claim was barred by the statute of limitations. The court of appeals concluded that the trial court erred in dismissing the State's claim because the statute of limitations did not apply against the State. The application of the statute of limitations to the State is not before us for review and we will not address it.

**3.** Plaintiff's counsel were subsequently replaced by new counsel. Substitution of counsel was filed with this court on November 10, 1994.

However, because the trial court failed to disqualify plaintiff's counsel after they did not withdraw, the court of appeals concluded the trial was fundamentally unfair to the plaintiff and remanded for a new trial. *Id.* at 1380–82.

## II

■ The court of appeals properly determined that DR 5–102(B) of the Code of Professional Responsibility governed the procedure for plaintiff's counsel when they anticipated they would be called as witnesses for the defense.[4] DR 5–102(B) provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

In *Williams v. District Court*, 700 P.2d 549, 553 (Colo.1985), we examined the ethical considerations that "necessarily arise when an attorney of record is subpoenaed by opposing counsel in order to testify against the subpoenaed attorney's client in a pending trial." We concluded that an attorney may subpoena opposing counsel to testify adversely to his client only after showing:

> (1) that [opposing counsel's] testimony will be actually adverse to [his or her client];
> (2) that the evidence sought to be elicited from the lawyer will likely be admissible at trial under the controlling rules of evidence; and (3) that there is a compelling need for such evidence, which need cannot be satisfied by some other source.

*Williams*, 700 P.2d at 555–56 (footnotes omitted).[5]

The trial court found that all of the elements of the *Williams* test were satisfied. The court of appeals determined there was adequate support in the record for the trial court's findings and concluded the trial court did not err in denying the plaintiff's motion to quash the subpoenas served on his counsel or in allowing counsel to be called as defense witnesses at trial. *Grogan*, 877 P.2d at 1380.

### A

The court of appeals stated the *Williams* analysis did not end its inquiry because the act of subpoenaing plaintiff's counsel constituted a motion to disqualify.[6] Because plaintiff's counsel did not withdraw as required under DR 5–102(B), the court of appeals determined that the trial court's failure to

4. This court has exclusive authority to regulate the practice of law in Colorado. *Unauthorized Practice of Law Comm. v. Prog*, 761 P.2d 1111, 1115 (Colo.1988). However, the "[a]pplication of the Code of Professional Responsibility is within a court's 'general supervisory authority to ensure fairness to all who bring their cause to the judiciary for resolution.'" *Williams v. District Court*, 700 P.2d 549, 553 (Colo.1985) (quoting *Greenebaum–Mountain Mortgage Co. v. Pioneer Nat'l Title Ins. Co.*, 421 F.Supp. 1348, 1351 (D.Colo.1976)). The professional standards for attorneys in the present case are governed by the Code of Professional Responsibility. The Colorado Rules of Professional Conduct, designed to replace the Code, were adopted after the trial and did not become effective until January 1, 1993.

5. *Williams* was a criminal case in which the prosecution subpoenaed the attorney of the accused as a prosecution witness. DR 5–102(B) was applicable to both civil and criminal cases. In our view, the *Williams* factors are equally applicable in the civil context.

6. The court of appeals stated:

> Once the trial court made the necessary finding under *Williams* that the attorneys' testimony would be adverse to [the plaintiff], the lawyers were duty bound to withdraw under the Code of Professional Responsibility DR 5–102(B). And, upon their failure to do so, under *Williams*, the trial court was required to disqualify them from proceeding further on [the plaintiff's] behalf, unless they were able to show an exception to the ethical rules allowing them to continue.

*Grogan*, 877 P.2d at 1381. The court of appeals acknowledged that the trial court applied *Williams*, and that there was adequate support in the record for the trial court's findings. *Grogan*, 877 P.2d at 1380. We do not find support in *Williams* for the court of appeals conclusion that the trial court was required to disqualify the plaintiff's attorneys when they failed to disqualify themselves. *Williams* set forth the criteria that must be met when an attorney seeks to subpoena opposing counsel to elicit testimony adverse to the opposing counsel's client *Williams*, 700 P.2d at 555. *Williams* did not set forth the criteria for disqualification of an attorney for violation of a disciplinary rule.

disqualify them was fundamentally unfair and required a new trial. *Grogan*, 877 P.2d at 1382. We disagree.

In a March 30, 1992, minute order, the trial court stated that "for purposes of trial, defendant may call [plaintiff's counsel] as witnesses for the limited purpose of the affirmative defense of the statute of limitations." In clarifying its March 30 minute order at a pretrial conference on March 31, 1992, the court stated that both of the plaintiff's attorneys could be called by the defense to testify on the statute of limitations issue.

■■■ The Preliminary statement to the Code of Professional Responsibility provides:

The Code is designed both as an inspirational guide to the members of the profession and as a basis for disciplinary action when the conduct of a lawyer falls below the required minimum standard stated in the Disciplinary Rules.

. . . .

The Code makes no attempt to prescribe either disciplinary procedures or penalties for violation of a Disciplinary Rule, nor does it undertake to define standards for civil liability of lawyers for professional conduct.

As the Preliminary Statement to the Code reflects, the Code is designed to provide ethical guidance to attorneys and places the responsibility for compliance on attorneys. DR 5–102(B) makes no provision for trial court disqualification of attorneys and does not require a new trial for noncompliance. The Code mandates that an attorney withdraw on his own initiative if he violates DR 5–102(B).

■■ In determining when disqualification for violation of a disciplinary rule is appropriate,

the mere violation of a disciplinary rule does not automatically result in disqualification. The critical question is whether the litigation can be conducted in fairness to all parties. Disqualification should not be imposed unless the claimed misconduct in some way "taints" the trial or legal system.

*Federal Deposit Ins. Co. v. Isham*, 782 F.Supp. 524, 528 (D.Colo.1992) (citations

omitted). The defendant did not file a motion to disqualify plaintiff's counsel and counsel did not seek to disqualify themselves at trial. The trial court specifically ruled plaintiff's counsel could testify. The defendant would be unfairly burdened if she were required to defend against the plaintiff's claims in a new trial. Plaintiff's counsel were responsible for the position in which they placed themselves and cannot now avoid the consequences of their actions. *See Caldwell v. Kats*, 193 Colo. 384, 385, 567 P.2d 371, 372 (1977). The plaintiff was bound by the actions and decisions of his counsel. *See Mountain States Tel. & Tel. Co. v. Department of Labor & Employment*, 184 Colo. 334, 338, 520 P.2d 586, 589 (1974); *Magliocco v. Olson*, 762 P.2d 681, 685 (Colo.App.1987); *see also People in Interest of P.N.*, 663 P.2d 253, 256 (Colo.1983). The court of appeals erred in granting the plaintiff a new trial.

B

Because it ordered a new trial, the court of appeals examined what would occur if the plaintiff's attorneys represented the plaintiff at a new trial and were called as witnesses by the defense. The court of appeals analyzed Colorado Rule of Professional Conduct 3.7, even though the Rules did not become effective in Colorado until after the trial. In concluding that Rule 3.7 requires trial courts to follow certain procedures in future cases in which attorneys are called as adverse witnesses by opposing counsel, the court of appeals stated:

[T]he trial court must treat the act of subpoenaing counsel as "the functional equivalent of a motion to disqualify." *Williams v. District Court*, [700 P.2d 549, 555 (Colo.1985)]. Thus, if an attorney remains as counsel after having been named as an adverse witness to his or her client, the trial court must conduct a hearing and make appropriate findings as to whether disqualification is required or whether any exception to the disciplinary rules would allow this to occur. That procedure must be followed even when the subpoenaed attorney-adverse witnesses have not moved to withdraw as counsel and the opposing

party has not moved for an order disqualifying them.

*Grogan,* 877 P.2d at 1383. We disagree with the court of appeals.

Rule 3.7 of the Colorado Rules of Professional Conduct provides, in relevant part:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

The court of appeals discussion of Rule 3.7 is dicta because its analysis of the Rule was not integral to its resolution of the issues before it. Neither Rule 3.7 nor the accompanying committee comment mandate a hearing when there is a possibility of a conflict of interest on the part of an attorney called as a witness. The court of appeals erred in stating that Rule 3.7 requires a hearing by the trial court to ascertain whether disqualification is necessary.

### III

Accordingly, we reverse and remand this case to the court of appeals with directions to reinstate the judgment entered by the trial court in favor of the defendant.

MULLARKEY, J., dissents, and LOHR, J., joins in the dissent.

Justice MULLARKEY dissenting:

I respectfully dissent.

The majority holds that a trial court is under no obligation to disqualify plaintiff's counsel from representation when the defense calls the counsel as a witness. The majority concludes that the plaintiff's counsel

1. I agree with the majority that although *Williams* was a criminal case, the *Williams* analysis is applicable in both civil and criminal contexts. Maj. op. at 62 n. 5.

2. In a pretrial conference on March 31, 1992, the trial court was specifically asked by plaintiff's

should have withdrawn from representation under the applicable standards of professional responsibility. However, the majority states that "[p]laintiff's counsel were responsible for the position in which they placed themselves and cannot now avoid the consequences of their actions." Maj. op. at 63. Accordingly, the majority concludes that the trial court was under no obligation to disqualify plaintiff's counsel.

I agree that the conduct of the plaintiff's attorneys violated the Code of Professional Responsibility. However, I disagree with the majority's conclusion that the trial court was not obligated to disqualify the plaintiff's attorneys when such a conflict became apparent. Under our caselaw, the trial court was required to treat each subpoena as a motion to disqualify. It erred when it failed to do so and failed to disqualify the plaintiff's counsel.

The majority cites *Williams v. District Court,* 700 P.2d 549 (Colo.1985) with approval in the present case. However, the majority ignores our express holding in *Williams* which is dispositive on the issue before us:

Although the prosecution may not have taken the step of actually filing a formal motion to disqualify a defense attorney subpoenaed as a prosecution witness for trial, the act of subpoenaing defense counsel is itself, in our opinion, the functional equivalent of a motion to disqualify. "It is obvious that a lawyer cannot act as an advocate on behalf of his client, and yet give testimony adverse to the interests of that client in the same proceeding."

*Id.* at 555 (quoting *Riley v. District Court,* 181 Colo. 90, 95, 507 P.2d 464, 466 (1973)).[1] We specifically held that when opposing counsel is subpoenaed, a trial court should consider that act as "the functional equivalent of a motion to disqualify." Accordingly, the trial court should have considered the subpoena as a motion to disqualify and determined whether any conflict requiring disqualification was involved.[2]

counsel if the court denied the motion to disqualify plaintiff's counsel. The court responded that it did not know if that was before the court and that its order said nothing about a motion to disqualify. Although the plaintiff's counsel made some assertions that the motion to subpoena was actually a motion to disqualify, some confusion

The trial court correctly considered the following *Williams* factors in deciding whether an attorney may subpoena opposing counsel to testify adversely to his client: "(1) that [opposing counsel's] testimony will be actually adverse to [his or her client]; (2) that the evidence sought to be elicited from the lawyer will likely be admissible at trial under the controlling rules of evidence; and (3) that there is a compelling need for such evidence, which need cannot be satisfied from some other source." *Williams,* 700 P.2d at 555–56 (footnotes omitted). The trial court ruled that defense counsel had met the *Williams* standard and that plaintiff's counsel would be required to testify.

The majority apparently agrees with the trial court's and the court of appeals' conclusion on this issue, but it finds that the trial court's inquiry properly ended after it decided the testimony issue. Under my analysis, if the testimony is found to be necessary and the attorneys are to be subpoenaed, the court must proceed to consider whether to disqualify the plaintiff's attorneys from further representation, regardless of an express motion to disqualify. In most cases, a finding that the *Williams* factors are met will be dispositive of the disqualification issue. As we said in *Williams,* "[a] lawyer will rarely, if ever, be able to effectively serve as an advocate and give testimony adverse to his client in the same proceeding." 700 P.2d at 554.

I disagree with the majority's characterization of the *Williams* test in footnote 6. Maj. op. at 62. It is correct only in the most technical sense to say, as the majority does, that *Williams* "did not set forth the criteria for disqualification." *Williams* did not use that label. However, by equating a subpoena compelling the testimony of opposing counsel with a motion to disqualify, *Williams* must have intended that its three-factor test would apply to the implied motion to disqualify. I reach this conclusion because *Williams* cited three cases as authority for its test. Two are cases involving attempts to compel opposing counsel to testify and the third involves a motion to disqualify opposing counsel.

*Williams,* 700 P.2d at 556. There simply is no basis in *Williams* to limit the test to the testimony issue.

As stated by the Arizona Supreme Court on a similar issue:

We would like to believe an attorney who recognizes that he ought to be called as a witness would withdraw out of respect for the profession of which he is a member and the court of which he is an officer rather than out of the fear of discipline. In any event, when the court is faced with an attorney who refuses to withdraw and insists on taking the stand, the court may in its discretion disallow the testimony, disqualify the attorney, or impose any other procedural safeguards necessary to preserve the integrity of the fact finding process. If the court finds the unethical considerations raised by such testimony constitute prejudice great enough to outweigh the probative value of otherwise relevant evidence, the testimony may be disallowed. Where the evidence is material, necessary for the just determination of the issues, and unavailable from other sources, the court may order an attorney's disqualification.

*Cottonwood Estates v. Paradise Builders,* 128 Ariz. 99, 624 P.2d 296, 302 (1981) (citations omitted); *see also Comden v. Superior Court,* 20 Cal.3d 906, 145 Cal.Rptr. 9, 576 P.2d 971 (1978).

The majority concludes that "the defendant would be unfairly burdened if she were required to defend against the plaintiffs' claims in a new trial." Maj. op. at 63. I find this reasoning unpersuasive. First, virtually any issue raised on appeal carries the risk of retrial. Furthermore, there is no great hardship to the defendant because this case has not yet been tried on the merits. The only issue which has been tried was the statute of limitations issue. Upon concluding that the statute of limitations had run, the trial court dismissed the case without ever evaluating the merits.

exists as to whether the court actually believed that the motion to subpoena was also a motion to disqualify. Under *Williams,* the motion to subpoena was the functional equivalent of a motion

to disqualify. Accordingly, if a subpoena is necessary and the motion is granted, the motion to disqualify must also be ruled upon and, in instances such as this, it must be granted.

Second, the defendant initiated this dispute by subpoenaing the plaintiff's attorneys. They could, and should, have expressly sought to disqualify the plaintiff's attorneys, especially in light of the trial court's confusion over the issue. I find it hard to believe that when subpoenaing plaintiff's counsel, the defense counsel did not appreciate the possible problems inherent in their actions.

Finally, it is wrong to put the burden on the innocent client to insist that his attorneys withdraw because they have been subpoenaed to testify. We cannot expect lay persons to have the legal sophistication to identify and resolve a problem which apparently escaped the understanding of two sets of lawyers and the trial judge. The burden should be placed squarely on the trial court. If the attorneys do not adhere to the Code of Professional Responsibility, the court must act. Here, it did not.

Accordingly, I believe the trial court erred in not considering the motion to subpoena to be the functional equivalent of a motion to disqualify. I would hold that since the trial court held that the subpoenas should issue and knew that the scope of the testimony was potentially dispositive of the case, the trial court should have disqualified the plaintiff's attorneys. I would affirm the judgment of the court of appeals.

LOHR, J., joins in this dissent.