**The PEOPLE of the State of Colorado, In the Interest of J.A.M., a Child,**

**Upon the Petition of the Denver Department of Social Services, Petitioner–Appellee,**

**and Concerning V.G.B., Respondent– Appellant.**

**No. 94CA1766.**

Colorado Court of Appeals, Div. I.

Oct. 12, 1995.

Daniel E. Muse, City Attorney, Gretchen Cooper, Assistant City Attorney, Denver, for Petitioner–Appellee.

Deborah Gans, Denver, for Respondent– Appellant.

Opinion by Judge PLANK.

V.G.B. (mother) appeals from a juvenile court judgment terminating the parent-child legal relationship between her and her child, J.A.M. We reverse.

A petition in dependency and neglect was filed with respect to the child on May 27, 1992, at which time, a guardian ad litem (GAL) was appointed to represent the child's interests. Shortly before the permanency planning hearing, which was held on May 12, 1994, the GAL entered into a contract with the city attorney to provide legal services to the Denver Department of Social Services (Department) in other dependency and neglect cases.

During the permanency planning hearing, mother sought to have the GAL disqualified from further representation of the child on the grounds that the GAL's contractual rela-

tionship with the Department gave rise to a conflict of interest. The mother asserts that she was in substantial compliance with the treatment plan after the GAL had signed her contract with the Department.

The Department and the GAL opposed the motion, asserting that a conflict did not exist because they agreed that termination of the parent-child legal relationship was in the child's best interests. The juvenile court took the matter under advisement, allowing the GAL to proceed on behalf of the child indefinitely.

Thereafter, the juvenile court did not issue a ruling on the motion. Thus, the GAL represented the child during the August 1994 termination hearing.

■ Mother contends that the juvenile court erred in failing to disqualify the GAL. She argues that the GAL's contractual employment with the Department gave rise to a conflict of interest requiring disqualification. We agree.

Colorado Rules of Professional Conduct Rule 1.7(b) prohibits

a lawyer from representing a client if: the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. . . .

As stated in the comments to this rule, the critical inquiries are whether a conflict is likely to arise and, if so, whether it will materially interfere with the lawyer's independent professional judgment in determining the course of action to be pursued on behalf of the client.

■ Here, consent by the client, *i.e.,* the child, age four, was not a meaningful option. Thus, if the GAL's obligation to the Department "materially limited" her representation of the child it necessarily would cause her continued representation of the child to be contrary to the above disciplinary rule. Nevertheless, the violation of a disciplinary rule

does not automatically require an attorney to discontinue representing a client. The issue is whether the litigation can be conducted in fairness to all parties. *Taylor v. Grogan,* 900 P.2d 60 (Colo.1995).

Here, during the permanency planning hearing, the GAL recommended termination of the parent-child legal relationship, as did the Department, and stated that she had arrived at her position independently. However, the independent judgment of the GAL could have been compromised by her employment with the Department. *See* Colorado Rules of Professional Conduct Rule 1.7(b) and 1.7(c); *People ex rel. Sandstrom v. District Court,* 884 P.2d 707 (Colo.1994).

Furthermore, the conflict of loyalties inherent in the GAL's dual roles as a representative of the child's best interests and as an employee of the Department necessarily casts doubt on the fairness and impartiality of the legal system in the public eye. *See Taylor v. Grogan, supra; People v. County Court,* 854 P.2d 1341 (Colo.App.1992); *McCall v. District Court,* 783 P.2d 1223 (Colo.App.1989).

For these reasons, we conclude that the juvenile court erred in failing to disqualify the GAL.

The judgment is reversed, and the cause is remanded to the juvenile court for further proceedings consistent with the views expressed herein.

METZGER and TAUBMAN, JJ., concur.