Thurman TAIT, deceased, By and Through the personal representative of his estate, Tanice A. TAIT, Plaintiff–Appellee and Cross–Appellant,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY, Defendant–Appellant and Cross–Appellee.

No. 00CA1754.

Colorado Court of Appeals, Div. I.

Sept. 13, 2001.

Rehearing Denied Nov. 1, 2001.

Certiorari Denied July 1, 2002.

Levy, Morse & Wheeler, P.C., Marc C. Levy, Wendy E. Band, Englewood, CO, for Plaintiff–Appellee and Cross–Appellant.

Lasater & Allen, P.C.; J. Scott Lasater, Littleton, CO; Kennedy & Christopher, P.C., John R. Mann, Denver, CO, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge STERNBERG. *

Defendant, Hartford Underwriters Insurance Company (insurer), appeals the trial court's award of damages and interest to Thurman Tait (insured). Insured cross-appeals. We affirm in part, reverse in part, and remand with directions.

In October 1999, insured, who was covered under an automobile policy with insurer, was involved in an automobile accident. He filed a claim with insurer for Personal Injury Protection (PIP) benefits. Insured was eighty years old and in poor health at the time of the accident. He died after the trial, during the pendency of this appeal.

Because of the manner in which insurer handled insured's claim, insured filed suit against insurer alleging willful and wanton breach of contract pursuant to § 10–4–701, et seq., C.R.S.2000, contending insurer breached its duty of good faith and fair dealing. These claims were joined with insured's claims against the other driver involved in the accident and that driver's employer. Based on his age and medical condition, insured moved for a preferential trial date under § 13–1–129, C.R.S.2000. The court

---

* Sitting by assignment of the Chief Justice under the provisions of the Colo. Const. art. VI, § 5(3),

and § 24–51–1105, C.R.S.2001.

granted the motion and set an early trial date.

Prior to trial, insured submitted a Notice to Insurer of Amount Claimed that claimed $14,424.92 in unpaid PIP benefits, as well as "[a]dditional essential services [that] continue to be incurred and submitted for payment."

Three weeks before trial, insurer attempted to remove the case to the federal district court. Finding that it lacked jurisdiction, that court refused to accept the case and remanded the action to the state trial court, stating that although insured had settled with the other driver and his employer, there were nondiverse defendants that had not been dismissed from the action. Thereafter the trial court bifurcated insured's claims against insurer from those against the other defendants. One week before trial, insurer again attempted to remove the case to the federal district court. Finding once again that it lacked jurisdiction despite bifurcation of the nondiverse defendants, that court declined to accept the case. In so doing the federal judge stated that insurer's removal attempts appeared motivated by its desire to defeat the accelerated trial date.

The case proceeded to trial before a jury, which found for insured on his PIP claim, awarding him $15,000 in unpaid benefits, $1,280.20 in prejudgment interest on these benefits, and $50,000 for "any other breach of contract." Because the jury had found insurer's breach of contract to be willful and wanton, the court added these amounts together, for a total of $66,280.20, and trebled this amount for a total of $198,840.60 pursuant to § 10–4–708(1.8), C.R.S.2000. In addition, the jury found for insured on his breach of duty of good faith and fair dealing claim and awarded insured $100,000 in economic and $50,000 in noneconomic damages, together with $5,104.11 in interest. The jury also found that insurer's conduct met the statutory standard for exemplary damages pursuant to § 13–21–102(1)(a), C.R.S.2000, and awarded insured $200,000. The trial court reduced that amount to $155,104.11, the amount of compensatory damages plus prejudgment interest. Thus, the trial court entered a judgment for insured in the amount of

$509,048.82, together with costs in the amount of $16,611.93.

Insurer moved for a judgment notwithstanding the verdict, to amend the judgment pursuant to C.R.C.P. 59, for a remittitur, or for a new trial on damages. Insured moved to increase the award of exemplary damages based on insurer's conduct during litigation. The court denied insurer's motion, and granted insured $1,894.35 in statutory interest on the $50,000 award for "any other breach of contract" pursuant to § 10–4–708, C.R.S. 2000. Pursuant to § 13–21–101, C.R.S.2000, the court increased the exemplary damages award to the original $200,000 awarded by the jury. In support of this increase, the court focused on insurer's litigation conduct, specifically, its second unsuccessful attempt to remove the action to federal district court.

Thus, the judgment breaks down as follows:

$ 198,840.60 = $15,000 unpaid/late PIP benefits

$1,280.20 interest

$50,000 "any other breach of contract"

(Added together and multiplied times three pursuant to § 10–4–708(1.8))

$ 1,894.35 Statutory interest on $50,000 added post-trial pursuant to § 10–4–708

$ 155,104.11 = $100,000 Economic Damages

$50,0000 Non–Economic Damages

$5,104.11 Interest

$ 200,000.00 = Exemplary damages after post-trial increase

$ 16,611.93 = Costs

$ 572,450.99 = Total

Insurer appeals, and insured cross-appeals.

## I.

Insurer contends that the trial court erred in not reducing or vacating the jury's awards of $15,000 in unpaid PIP benefits, $50,000 for "any other breach of contract," and $100,000 for economic damages. We disagree.

The amount of damages to be awarded is within the province of the jury and will not be disturbed unless it is completely unsupported by the record. *Jackson*

*v. Moore,* 883 P.2d 622 (Colo.App.1994). In addition, an appellate court will uphold a jury's approximation of damages if based upon reasonable inferences drawn from substantial evidence that provided a reasonable basis of computation. *Houser v. Eckhardt,* 506 P.2d 751 (Colo.App.1972)(not selected for official publication), *aff'd sub nom. Security Insurance Co. v. Houser,* 191 Colo. 189, 552 P.2d 308 (1976); *see also Brown v. Alkire,* 295 F.2d 411, 416 (10th Cir.1961).

### A.

We reject insurer's contention that the jury's award of $15,000 for unpaid PIP benefits must be reduced to the actual amount of PIP benefits claimed by insured in his notice, $14,424.92, because there is no evidence in the record to support the additional $575.08.

■ To recover insurance benefits pursuant to § 10-4-708(1), C.R.S.2000, an insured must present to the insurer "reasonable proof of the fact and amount of expenses incurred." *See Klein v. State Farm Mutual Automobile Insurance Co.,* 948 P.2d 43, 48 (Colo.App.1997). If an insurer fails to pay such benefits when due, an insured is entitled to bring an action in contract to recover such benefits. *See* § 10-4-708(1). In a breach of contract action, damages must be established with reasonable certainty by a preponderance of evidence. *See, e.g., Interbank Investments, L.L.C. v. Vail Valley Consolidated Water District,* 12 P.3d 1224 (Colo.App.2000).

■ As insured argues, the record supports the additional $575.08 for additional essential services rendered after the filing of his notice. In light of the evidence presented at trial, we will not disturb the jury award in this regard because it is supported by the record and is neither excessive nor unjust. *See, e.g., Sheron v. Lutheran Medical Center,* 18 P.3d 796 (Colo.App.2000).

### B.

Insurer contends that the jury award of $50,000 for "any other breach of contract" must be reversed because insured did not prove damages for "any other breach of contract" and because the trial court's instruc-

tion to the jury on this claim was not supported by the evidence. We disagree.

■ There was evidence in the record of damages, and as insured argues, insurer is barred from challenging this jury instruction on appeal because it failed to object on this basis to this instruction at trial or to tender an additional instruction to cure or clarify the issue. An appellate court will not disturb the trial court's ruling if the complaining party failed either to tender a desired jury instruction or to object to the instruction given. *See Bayless v. Milstein,* 765 P.2d 1069 (Colo.App. 1988). Failure to object to a jury instruction or to seek clarification at trial precludes one from attacking the instruction on appeal. *See Mailloux v. Bradley,* 643 P.2d 797 (Colo. App.1982); *see also Caldwell v. Kats,* 193 Colo. 384, 567 P.2d 371 (1977).

### C.

Insurer argues that the $100,000 award for economic damages is not supported by the evidence because insured's medical expenses at the time of the trial were approximately $12,000, and because insured presented no expert testimony or other evidence concerning lost wages, lost business opportunity, lost business value, diminished earning capacity, or future expenses. We are not persuaded.

■ In contrast to the damages discussed above, the $100,000 award for economic damages was awarded pursuant to the jury's finding that insured breached its duty of good faith and fair dealing, a tort theory that provides for traditional tort damages, which may exceed policy limits. *See Ballow v. PHICO Insurance Co.,* 878 P.2d 672 (Colo. 1994); *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984).

The jury instruction on future economic losses required the jury to consider, in pertinent part, "any economic losses which [insured] has had or will probably have in the future, including, unpaid medical, rehabilitative, or essential services, if any." It appears the jury followed this instruction.

■ We disagree with insurer that insured's past medical expenses are the benchmark for determining his reasonable future

medical expenses. Moreover, given that insured presented evidence of his injuries and medical expenses, it was not unreasonable for the jury to infer that insured would incur $100,000 in medical expenses in the future. While we recognize that this amount is a rough approximation, it is necessarily so. *Cf. Stewart v. Rice*, 25 P.3d 1233 (Colo.App. 2000)(*cert. granted* July 2, 2001)(jury award for a nine-year-old's lost future earning capacity upheld on evidence of injuries, despite no evidence on amount or measure of loss).

## II.

Both parties question the meaning and scope of § 10–4–708(1.8). Insurer argues that the section provides for the trebling of only the unpaid PIP benefits, not the $1,280.20 in prejudgment interest or the $50,000 for "any other breach of contract." We agree. We disagree with insured's interpretation that the section provides for a treble amount of damages *in addition to* the original amount of damages.

Section 10–4–708(1.8) states in relevant part:

The insurer shall pay interest to the insured on the benefits recovered at a rate of eighteen percent per annum, with interest commencing from the date the benefits recovered were due. In addition, in the event of willful and wanton failure of the insurer to pay such benefits when due, the insured shall pay to the insured, in addition to any other amounts due to the insured under this subsection (1.8), an amount which is three times the amount of unpaid benefits recovered in the proceeding.

When construing a statute we must ascertain and give effect to the intent of the General Assembly. *See, e.g., B.G.'s Inc. v. Gross*, 23 P.3d 691 (Colo.2001). To determine legislative intent, we first look to the plain language of the statute, giving effect to the ordinary meaning of words used, without imposing a strained or forced interpretation. *See, e.g., Lira v. Davis*, 832 P.2d 240 (Colo. 1992).

We agree with insurer that the phrase "an amount which is three times the

amount of unpaid benefits recovered in the proceeding" does not contemplate the trebling of any amounts other than the unpaid benefits. Thus we conclude that the trial court erred in trebling the interest on the unpaid PIP benefits and in trebling the $50,000 award for "any other breach of contract."

Insured's argument that § 10–4–708(1.8) requires that trebling of the award and interest thereon is *in addition to* the award itself, thus resulting in quadruple damages. In our view, the phrase "in addition to any other amounts due" mandates that the original amount of unpaid benefits ("other amounts due") is necessarily included in the amount trebled. However, while we reject this argument, contrary to insurer's contention, it is not frivolous and therefore does not warrant sanctions under C.A.R. 38(d). *See Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925 (Colo.1993).

## III.

Insurer contends that the trial court abused its discretion in raising the exemplary award from $155,104.11 to $200,000. We disagree.

Section 13–21–102(1)(a), C.R.S.2000, provides for reasonable exemplary damages in all civil actions where "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Section 13–21–102(3)(a), C.R.S.2000, permits a trial court to increase any exemplary damages award to a sum that does not exceed three times the actual damages if, as relevant here, during the pendency of the action a party engages in willful and wanton conduct and such behavior has further aggravated the damages of the other party, when the wrongdoer knew or should have known that such action would cause aggravation.

In support of the increase here, the trial court noted that insurer initially complained about the expedited trial date, committed discovery violations in a manner that required the court to hold hearings to insure compliance, and delegated to counsel many of its continuing obligations to insured despite

insurer's ongoing duty to insured pursuant to *Southerland v. Argonaut Insurance Co.,* 794 P.2d 1102 (Colo.App.1990). The court also drew an analogy to *Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo. 1997), which held that an insurer's conduct even after an arbitration proceeding is relevant to a claim of bad faith breach of an insurance contract. Finally, the trial court quoted the federal judge's remarks made in denying insurer's second attempt at removal:

> Congress—I don't think—intended that the rules of the statutes on removal should be used by a party defendant to apparently attempt to get around or to defeat the clear intent of the Colorado legislature in passing 13–1–129, giving preferential trial dates. And it appears ... that these repeated requests for removal are ... very transparent attempt[s] to do just that.

Insurer argues that the trial court cannot increase the exemplary award based primarily on insurer's litigation conduct because litigation tactics and strategy are necessarily independent of its conduct regarding coverage, because allowing the jury to consider such conduct creates evidentiary difficulties, and because to conclude otherwise would have a "chilling effect" on insurer by inhibiting zealous and effective representation.

 We are not persuaded. The trial court, not the jury, considered insurer's litigation conduct in increasing the exemplary award. In addition, insurer's litigation conduct was precisely the conduct the trial court should focus on in determining whether to increase the award. *See Bennett v. Greeley Gas Co.,* 969 P.2d 754 (Colo.App.1998).

Given the trial court's findings, which are premised on the extraordinary facts in this case, and noting also the federal district court's statements, we find no abuse of discretion. *See Mailloux v. Bradley, supra.* Our conclusion here should not have a chilling effect on insurer's ability to contest questionable claims using legitimate, zealous litigation tactics and strategies.

## IV.

Insured contends that the trial court erred in not granting attorney fees pursuant to § 10–4–708. In a related argument, insured requests that this court grant attorney fees for defending this appeal. We are not persuaded.

 A trial court's decision regarding an award of attorney fees is reviewed under an abuse of discretion standard. *See, e.g., Deighton v. City Council,* 3 P.3d 488 (Colo. App.2000). A determination whether attorney fees should be awarded is within the discretion of the trial court and will not be disturbed on review if it is supported by evidence. *See M Life Insurance Co. v. Sapers & Wallack Insurance Agency, Inc.,* 962 P.2d 335 (Colo.App.1998). A trial court abuses its discretion only if its ruling is manifestly arbitrary, unreasonable, or unfair. *Lauren Corp. v. Century Geophysical Corp.,* 953 P.2d 200 (Colo.App.1998).

Generally, § 10–4–708(1.7)(a), C.R.S.2000, provides that a party claiming benefits shall serve a notice on the insurer of attorney fees claimed no later than twenty days prior to trial. If notice is untimely, an insured may recover attorney fees only if his failure to give timely notice was the result of excusable neglect.

Insured asserts that he was precluded from submitting his notice in a timely manner by insurer's litigation tactics. Specifically, insured argues that insurer's amoral attempts prevented him from filing his notice with the trial court in a timely manner and would have "waived his right to remand" had he filed it in federal district court.

 Without addressing the merits of insured's argument, we note that such difficulties encountered because of insurer's actions could be considered "excusable neglect." However, we conclude that the trial court's contrary conclusion does not rise to the level of an abuse of discretion.

 We reject insured's request for appellate attorney fees because, although insurer's conduct prior to and during litigation has been found egregious, we cannot say that its pursuit of this appeal has been frivolous. C.A.R. 38(d); *see generally Wood Bros. Homes, Inc. v. Howard, supra.*

Accordingly, the judgment is reversed as to the trebling of the $1,280.20 interest on the unpaid PIP benefits and the trebling of the $50,000 awarded for "any other breach of contract," and the case is remanded for entry of a correct judgment. The judgment is affirmed in all other respects.

Judge DAVIDSON and Justice ERICKSON,* concur.