**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERTA FOLKS,

      Plaintiff - Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

      Defendant - Appellee.

No. 13-1446

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:04-CV-00243-REB-BNB)**

---

John M. DeStefano, Hagens Berman Sobol Shapiro, LLP, Phoenix, Arizona (Robert B. Carey, Hagens Berman Sobol Shapiro, LLP, Phoenix, Arizona; and Leif Garrison, Hagens Berman Sobol Shapiro, LLP, Colorado Springs, Colorado, with him on the briefs), appearing for Appellant.

Marie E. Williams (Michael S. McCarthy and Jennifer K. Harrison, with her on the briefs), Faegre Baker Daniels LLP, Denver, Colorado, appearing for Appellee.

---

Before **MATHESON, SEYMOUR**, and **McHUGH**, Circuit Judges.

---

**MATHESON**, Circuit Judge.

---

On April 4, 1998, a driver hit pedestrian Roberta Folks with the side mirror of his vehicle and injured her. State Farm, the driver's insurer, informed Ms. Folks she could receive basic personal injury protection ("PIP") benefits under the driver's policy. She received $104,000 in medical expenses and essential services. On July 11, 2002, State Farm told her she had exhausted the benefits available to her under the policy.

Ms. Folks joined a lawsuit seeking additional PIP benefits in 2004. Over the course of the litigation, Ms. Folks unsuccessfully sought to certify a class on three occasions.[1] In response to her last attempt in 2011, the district court determined she failed to satisfy the requirements of Rule 23(a) and Rule 23(b)(2) and denied class certification. A jury proceeded to hear Ms. Folks's individual claims and found in her favor in 2012. The district court amended the judgment in 2013 to correct errors in the calculation of damages.

---

[1] Before and during Ms. Folks's litigation against State Farm, another suit brought in 2000—*Clark v. State Farm*—also sought to certify a class of injured pedestrians who sought additional PIP benefits. In 2008, this court determined the pendency of the class claims in *Clark* tolled the three-year statute of limitations for Ms. Folks's individual claims, allowing her to bring suit in 2004 despite being injured in 1998. *See Folks v. State Farm Mut. Ins. Co.*, 299 F. App'x 748 (10th Cir. 2008) (unpublished); *see also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974). The parties make arguments in this appeal about tolling, but we do not reach them because we determine Ms. Folks has not preserved her arguments for class-wide relief.

On appeal, Ms. Folks asks us to reverse the district court's denial of class certification and remand the case for reconsideration of her claim for class-wide relief.[2] She also argues the district court miscalculated the treble damages and statutory pre-judgment interest to which she is entitled.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

## I. BACKGROUND

### A. *Factual History*

In 1973, Colorado enacted the Colorado Auto Accident Reparations Act ("CAARA").[3] Among its provisions, CAARA required all automobile insurance providers in Colorado to include in their policies minimum PIP benefits for (1) the named insured, (2) household relatives of the named insured, (3) passengers of the vehicle, and (4) pedestrians injured by the covered vehicle. *See* Colo. Rev. Stat. § 10-4-707(1) (repealed 2003).[4] CAARA also required that insurance companies offer all policyholders the opportunity to select enhanced PIP benefits, which did not place time or dollar

---

[2] Ms. Folks has obtained the individual relief she seeks, but we retain jurisdiction over this matter because of our relaxed standards for mootness in the class certification context. *See Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark V*), 590 F.3d 1134, 1138 (10th Cir. 2009) ("[I]f the named plaintiff's claim becomes moot during the pendency of an appeal challenging the district court's denial of class certification, the appellate court is not divested of jurisdiction.").

[3] CAARA is also known as the "No Fault Act."

[4] CAARA was repealed effective July 1, 2003, but it applies to the events at issue in this litigation. *See* 1997 Colo. Legis. Serv. H.B. 97-1209, § 8 (West).

limitations on medical expense claims and allowed for greater wage loss reimbursements. *See id.* § 10-4-710 (repealed 2003).

Notwithstanding CAARA, a number of insurance companies—including State Farm—did not offer or pay enhanced PIP benefits to injured pedestrians, even if the policyholder had selected enhanced PIP benefits for the policy generally. In 1998, the Colorado Court of Appeals deemed this exception—the "Pedestrian Limitation"— impermissible under the statute. *See Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 553-54 (Colo. App.), *cert. denied* (Colo. 1998). In response to *Brennan*, State Farm eliminated its Pedestrian Limitation, but lawsuits followed seeking recovery of enhanced PIP benefits.[5]

On April 4, 1998, Ms. Folks was standing in a parking lot when the side mirror of a vehicle struck and injured her. The driver had a State Farm policy, issued before *Brennan*, which did not extend enhanced PIP benefits to pedestrians. Before the statute of limitations ran on her claim, Ms. Folks became part of the putative class in a related class action suit—*Clark v. State Farm*—which tolled her claims.

In 2000, Ricky Clark, another pedestrian who was struck and injured by a State Farm-insured vehicle, filed a putative class action against State Farm, which removed the case to the U.S. District Court for the District of Colorado. Mr. Clark argued State Farm

---

[5] Ms. Folks was injured after *Brennan* was issued but before the Colorado Supreme Court denied certiorari and the judgment became final.

- 4 -

had routinely failed to offer or pay enhanced PIP benefits under § 10-4-710 and *Brennan*. The district court granted State Farm's motion to dismiss that claim. In *Clark I*, we decided *Brennan* applied retroactively and Mr. Clark was entitled to reformation of his insurance policy, and reversed the district court. *See Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark I*), 319 F.3d 1234, 1237-38, 1242 (10th Cir. 2003).[6]

On remand, the district court determined the proper date of reformation would be December 19, 2003—the date its post-remand order was entered. *Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark II*), 292 F. Supp. 2d 1252, 1270 (D. Colo. 2003). In the ensuing appeal, we affirmed that (1) Mr. Clark should be awarded the extended PIP benefits State Farm was supposed to offer to its insureds, (2) State Farm could cap those benefits at $200,000, (3) the date of the district court's order was appropriate as a date of reformation, and (4) the policy could be reformed to provide extended PIP benefits only to injured pedestrians and not other potential claimants. *Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark III*), 433 F.3d 703, 714 (10th Cir. 2005).

Shortly after *Clark III*, State Farm undertook a voluntary payment program ("VPP") to pay extended PIP benefits to individuals who were potentially entitled to reformation under the *Clark* litigation. The VPP identified potential claimants, notified

---

[6] Reformation is a court-ordered retroactive remedy to correct a deficient policy so that it expresses the actual or legally required agreement between the parties. *See Clark I*, 319 F.3d at 1241.

them they may be entitled to additional PIP benefits, invited them to contact State Farm, and in some instances sent them a check accompanying the notice.

After *Clark III* was remanded, the district court addressed Mr. Clark's attempt to certify a class of:

> All pedestrians who received No-Fault benefits under a Colorado State Farm automobile insurance policy where the governing policy documents at the time of the accident were issued prior to January 1, 1999. Excluded from the Class are all State Farm executives, their legal counsel, and their immediate family members, the Court and its staff, and all employees of proposed Class Counsel.

*Clark v. State Farm Mut. Auto Ins. Co.* (*Clark IV*), 245 F.R.D. 478, 480 (D. Colo. 2007). The district court denied Mr. Clark's motion for class certification on multiple alternative grounds, including failure to establish numerosity under Federal Rule of Civil Procedure 23(a)(1) and failure to satisfy either Federal Rule of Civil Procedure 23(b)(2) or (b)(3). *Id.* at 481-83, 485-89.[7] The district court also determined that, because State Farm's VPP

---

[7] A plaintiff who seeks class certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The plaintiff also must satisfy the requirements for one of the three types of class actions detailed in Federal Rule of Civil Procedure 23(b). On appeal, Ms. Folks seeks to certify a class under Rule 23(b)(2) and therefore she must demonstrate that State Farm "has acted or refused to act on grounds that apply generally to the class, so that final

Continued . . .

resolved Mr. Clark's individual claims, his claims were moot and he was neither typical nor adequate as a class representative. *Id.* at 490. The Tenth Circuit affirmed the district court's denial of class certification on the mootness ground and declined to reach the district court's alternative grounds. *Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark V*), 590 F.3d 1134, 1141 (10th Cir. 2009).

## B. *Procedural History*

In May 2004, Ms. Folks joined as a named plaintiff a lawsuit Kim Nguyen brought against State Farm. The suit asserted class action claims for declaratory relief and reformation, breach of contract and failure to pay PIP benefits, violation of the No Fault Act, statutory willful and wanton breach of contract, and breach of the duty of good faith and fair dealing.[8]

State Farm moved for summary judgment, arguing Ms. Nguyen was not entitled to reformation because she was injured as a passenger, not a pedestrian, and Ms. Folks's claims were time-barred because they were filed after the three-year statute of limitations expired. The district court granted the motion. We affirmed the district court's determination that Ms. Nguyen was not entitled to reformation, but reversed the district

---

Cont.

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

[8] Ms. Nguyen commenced her action on January 9, 2004. She was permitted to file an amended complaint adding Ms. Folks as a plaintiff in May 2004. *See Folks*, 299 F. App'x at 752.

court on Ms. Folks's claims. *Folks v. State Farm Mut. Ins. Co.*, 299 F. App'x 748, 756,

758-59 (10th Cir. 2008) (unpublished).[9] We relied on *State Farm Mutual Automobile*

*Insurance Co. v. Boellstorff*, 540 F.3d 1223 (10th Cir. 2008), which said a member of a

putative class may pursue his or her own claims before the district court decides the class

certification issue even after the otherwise non-tolled statute of limitations would have

run. *See Folks*, 299 F. App'x at 749. Because Ms. Folks belonged to the putative class in

*Clark* and joined Ms. Nguyen's lawsuit before class certification was denied in *Clark*, we

concluded her claims were timely. *Id.* at 756.[10]

---

[9] Ms. Nguyen was a passenger, not a pedestrian, and was not subject to the Pedestrian Limitation. The pending class action litigation in *Clark* did not toll her claims. *See Folks*, 299 F. App'x 757-58.

[10] Key dates help to understand why we are considering Ms. Folks's claims in 2015. Ms. Folks was injured on April 4, 1998. We determined the three-year statute of limitations began to run for Ms. Folks on April 16, 1998. *Folks*, 299 F. App'x at 755. Mr. Clark brought his class action on August 24, 2000, which tolled the statute of limitations for Ms. Folks. *Id.* at 753 n.8, 755-56. On January 9, 2004, Ms. Nguyen filed her suit—which Ms. Folks joined—when the class action in *Clark* was pending. *Id.* at 752. On September 18, 2007, the district court denied class certification in *Clark* on Rule 23 and mootness grounds. *Clark IV*, 245 F.R.D. at 481-90. On December 29, 2009, we affirmed the denial of class certification in *Clark IV* solely on mootness grounds, and did not reach the Rule 23 analysis. *Clark V*, 590 F.3d at 1141. At that time, Ms. Folks's litigation in this case was ongoing. On March 8, 2011, Ms. Folks moved for class certification in her case. On March 29, 2012, the district court denied the motion for class certification. On September 30, 2012, the district court entered judgment on Ms. Folks's individual claims. The parties moved to alter or amend the final judgment, and the district court resolved those claims on September 23, 2013. The district court entered an amended final judgment on September 24, 2013. On October 24, 2013, Ms. Folks timely filed a notice of appeal regarding her motion for class certification and the district court's final order and amended judgment.

After her case was remanded to the district court, Ms. Folks filed another motion for class certification. Because her proposed class was virtually identical to the putative class in *Clark*, and because *Clark IV* was then on appeal to the Tenth Circuit, the district court determined the eventual ruling in *Clark V* would determine Ms. Folks's class-based claims. The court denied her motion for class certification without prejudice.

As it happened, however, *Clark V* neither upheld the denial of class certification nor reversed the denial. Instead, we decided the case on the limited ground that the claims of the class representative, Mr. Clark, were moot. Thus, about one year after *Clark V*, Ms. Folks again moved for class certification, seeking to certify a class of:

> All pedestrian insureds who received No-Fault benefits under a Colorado State Farm automobile insurance policy where the policy documents in place at the time of the accident were issued prior to January 1, 1999, and whose claims accrued on or after August 1, 1997. Excluded from the Class are all State Farm executives, their legal counsel, and their immediate family members, the Court and its staff, and all employees of proposed Class Counsel.

Aplt. App. at 66 (footnote omitted).

This proposed class is virtually identical to the class Mr. Clark proposed in *Clark IV*.[11] State Farm contested the proposed class, arguing it did not satisfy Federal Rule of

---

[11] As State Farm notes, the only differences are that Ms. Folks's proposed class: (1) excludes non-pedestrians, who lack standing; (2) excludes individuals whose policies did not contain the Pedestrian Limitation when they were injured, who lack a viable claim, and (3) excludes individuals whose claims would be time-barred because they were injured before August 1, 1997, which is three years before the *Clark* litigation commenced.

Civil Procedure 23 and the putative class claims were time-barred because class action tolling protected only individual claims. A magistrate judge considered the motion for class certification, recommended the putative class claims were time-barred, and did not reach the Rule 23 issues. Ms. Folks objected, and the district court determined the Rule 23 issues should be resolved before considering whether the claims were timely.[12]

The district court concluded Ms. Folks's proposed class did not satisfy Rule 23.[13] First, the court considered Rule 23(a)'s requirements and determined the proposed class was not sufficiently numerous to make joinder of individual claims impracticable. Second, the court considered Rule 23(b)'s requirements, and determined (1) the class would require individual determinations and relief such that it could not be certified under Rule 23(b)(2), and (2) individual questions predominated over class questions and a class action was not superior to individual litigation such that the class could not be certified under Rule 23(b)(3). On March 29, 2012, the district court denied the motion for class certification.

Ms. Folks's individual claims proceeded to trial. A jury decided in her favor on

---

[12] When a party timely objects to a magistrate judge's recommendation on a dispositive motion, the district court makes a de novo determination on the portions of the recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

[13] To certify a class under Rule 23, both Rule 23(a) and Rule 23(b) must be satisfied. For this reason, the district court's determinations on Rule 23(a) and Rule 23(b) constitute alternative grounds on which Ms. Folks's motion for class certification could be denied.

September 28, 2012. The jury awarded Ms. Folks $40,000 in actual damages under Colo. Rev. Stat. § 10-4-708(1) (repealed 2003) and $96,000 for willful and wanton conduct under Colo. Rev. Stat. § 10-4-708(1.8) (repealed 2003).[14] Any pre-judgment interest award was left to the court's determination. Judgment was entered on September 30, 2012. Relevant to the issues on appeal, both parties moved to alter or amend the final judgment.

In her motion, Ms. Folks argued she was entitled to an award of pre-judgment interest under § 10-4-708(1.8), and contended that interest accrued from July 11, 2002 to the date of judgment. Ms. Folks also argued § 10-4-708(1.8) required the court to treble the $96,000 jury award for willful and wanton conduct, for a total of $288,000. She contended that the court should award the trebled damages in addition to the $40,000 in actual damages she recovered in the proceeding.

In response to Ms. Folks's motion, State Farm argued it was liable for pre-judgment interest only after Ms. Folks had submitted additional medical bills to State Farm on May 13, 2009, and that pre-judgment interest began to accrue when payment for those bills was due on June 12, 2009. State Farm's own motion argued the jury's finding of willful and wanton conduct could only treble the $40,000 in actual damages under § 10-4-708(1.8) for a total of $120,000 in damages, and could not support a separate additional award of $96,000.

---

[14] The jury did not determine whether Ms. Folks was entitled to pre-judgment interest under § 10-4-708(1.8).

The district court amended the judgment based on the parties' motions. First, the court considered the text of § 10-4-708(1.8), trebled the $40,000 in actual damages because of State Farm's willful and wanton conduct, and awarded Ms. Folks a total of $120,000. Second, the court determined Ms. Folks established her entitlement to benefits when she submitted bills to State Farm on May 13, 2009, and awarded Ms. Folks pre-judgment interest from June 12, 2009, which amounted to $23,769.86. The court entered its amended final judgment on September 24, 2013. Ms. Folks filed a timely appeal.

## II. **DISCUSSION**

On appeal, Ms. Folks challenges the district court's denial of class certification, calculation of treble damages for willful and wanton conduct, and calculation of pre-judgment interest.[15] We first analyze the motion for class certification and determine Ms. Folks forfeited her class certification arguments on appeal because she relies on a different basis for certification here than she did before the district court. We then turn to Ms. Folks's individual claims and conclude the district court properly calculated treble damages and Ms. Folks is not entitled to additional pre-judgment interest. We therefore affirm the district court's ruling.

### A. *Class Certification*

Ms. Folks seeks to appeal the district court's Rule 23 ruling, but we must initially

---

[15] Ms. Folks appeals the district court's decision not to certify a declaratory or injunctive class under Rule 23(a) and Rule 23(b)(2). She does not appeal the decision not to certify a damages class under Rule 23(b)(3).

determine whether she has properly preserved the argument she makes here. Ms. Folks's

motion for class certification focused on reformation and damages. She proposed a two-

stage litigation structure to establish equitable relief as the basis for a damages class.[16]

The district court determined class-wide reformation and a date for that

---

[16] Ms. Folks's motion for class certification stated:

The class seeks equitable relief consisting of a declaration reforming the relevant insurance contracts to include the statutory extended PIP benefits and injunctive relief requiring State Farm to notify *all* affected insureds of the availability of extended PIP benefits and the true scope of those benefits. If that equitable relief is secured, the class will also seek payment of past enhanced PIP benefits in accordance with the reformed contracts; and, conditionally depending on the Court's determination of the effective date of reformation, statutory interest, treble damages for statutory willful and wanton breach of contract pursuant to Colo. Rev. Stat. § 10-4-708(1), and punitive damages.

These claims would ideally be analyzed in separate phases, the first to address equitable relief and the second to address damages and other relief. In the first phase, the Court would determine if reformation of class members' policies is warranted. This is a purely equitable decision and can be made on the basis of the flaw in the insurance policy alone. Along with that determination, the Court should determine an effective date of reformation for the class, also an equitable remedy. Plaintiff would request that, though it is not required under the rule, notice be given to class members at that stage as that is one of the primary goals of this litigation.

. . . .

The second phase of this case would be the determination of money damages, including all due and overdue benefits, and any additional damages stemming from the determination of the effective date of reformation.

Aplt. App. at 75-76, 78 (citations omitted).

reformation required intensive and fact-dependent determinations for each class member, and thus Ms. Folks had not demonstrated "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). On appeal, Ms. Folks does not challenge the district court's determination that class certification was not warranted on the issues of reformation and damages. Aplt. Br. 17 n.3 & 21-22. By declining to do so, she has "intentionally relinquished or abandoned" her arguments regarding reformation and damages, and we deem them waived and do not consider them. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011).

Instead, Ms. Folks now "seeks (1) a classwide declaration that State Farm's policy limitation is invalid, and (2) notice to class members that will correct misleading statements by State Farm and enable them to protect their rights." Aplt. Br. at 21-22.[17] She presents overlapping arguments that she preserved these bases for class certification. She cites places in the record where she believes she called for notice and argues the declaratory relief she requested in the district court regarding reformation has always necessarily included some form of notice. State Farm counters that the declaratory and injunctive relief Ms. Folks sought before this appeal was reformation of insurance

---

[17] Both *Clark I*, 319 F.3d at 1241, and *Brennan*, 961 P.2d at 554, determined State Farm's policy limitation is invalid. Class certification is unnecessary to reiterate the conclusions of those opinions. Ms. Folks argues that class members should nevertheless receive a notice describing their rights and correcting aspects of the VPP she considers misleading. Our analysis therefore focuses on whether she has preserved the argument that such a notice constitutes a basis for class certification.

policies and the establishment of a class-wide date for reformation, not notice as a form of relief. Further, Ms. Folks's complaint—which was filed before State Farm created the VPP and was not amended to include allegations regarding the program—obviously could not and did not allege the VPP caused injury to the class, nor is this allegation in Ms. Folks's motion for class certification.[18] State Farm therefore contends Ms. Folks's argument for corrective notice is new on appeal and has been forfeited.[19]

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals . . . ." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). After careful consideration of the record, we conclude Ms. Folks has forfeited any argument that the district court erred in failing to consider whether notice would provide a basis to certify a class. In the introduction to her motion for class certification, Ms. Folks stated, "The only questions that remain to be decided are which insureds are entitled to reformation and the subsequent damages, and whether

---

[18] Ms. Folks has only argued the VPP failed to fully redress the injury caused by the lack of class-wide contract reformation she identified in her complaint. She has not argued the VPP itself caused injury. *See* Aplt. App. at 74 ("Each [class member] has suffered the same harm in not being afforded enhanced PIP benefits. In addition, none of these individuals' harm or damages have been fully addressed by the VPP, even those who received checks through that program, due to the fundamental inadequacies in the program itself.").

[19] Although State Farm uses the term "waiver," they in fact argue Ms. Folks's argument has been forfeited on appeal. *See Richison*, 634 F.3d at 1128 ("Waiver is accomplished by intent, but forfeiture comes about through neglect." (quotations omitted)).

these remedies can be achieved in one action." Aplt. App. at 66. The motion accordingly sought class-wide contract reformation, a class-wide date of reformation, and damages.

Ms. Folks did not argue notice would merit certification of a class, consistently indicated notice would be optional and class-wide reformation would be necessary to remedy the alleged class-wide injuries, and did not argue for notice with sufficient specificity. She may not argue a different ground for class certification for the first time on appeal. The overlapping reasons Ms. Folks gives to preserve her notice argument are not convincing.

### 1. **Notice as a Basis for Certification**

Ms. Folks insists that, in addition to reformation and damages, she also sought class-wide notice.[20] For support, Ms. Folks points to seven places in her filings where she believes she indicated "the need for notice was a central theme of Plaintiff's request," which we take to mean a basis for class certification. Aplt. Reply Br. at 16-18.[21] This

---

[20] Ms. Folks's attempts to recast her motion for class certification on appeal are unconvincing. She argues, "Plaintiff requested certification on reformation and damages issues in addition to notice, but the need for notice was a central theme of Plaintiff's request." Aplt. Reply Br. at 16. But this attempt to foreground notice and downplay reformation is belied by the motion for class certification itself, which specified "the main purpose of this lawsuit is to secure for all class members a declaration that their State Farm policy is unlawful and must be reformed, as well as a declaration of the effective date of reformation for all the policies at issue." Aplt. App. at 88.

[21] As we detail in the following paragraphs, none of these references actually indicate that notice would provide a basis for class certification. The first and fifth say notice is not mandatory; the third alleges only deficiencies in the VPP; and the second, fourth, sixth, and seventh specifically refer to notice in the context of judicial

Continued . . .

- 16 -

argument fails for two reasons.

First, Ms. Folks's references to "notice" in her filings concern two different forms of notice under Rule 23. Notice may constitute a form of relief under Rule 23—for example, when class members have been injured and the relief sought is notification of the rights and entitlements available to them. *See, e.g.*, *Wigton v. Kaplan*, No. 2:10-cv-01768, 2014 WL 4272791, at *5 (W.D. Pa. Aug. 29, 2014); *Wigton v. Berry*, 949 F. Supp. 2d 616, 641-42 (W.D. Pa. 2013). But notice may also keep class members apprised of a lawsuit as it progresses. *See* Fed. R. Civ. P. 23(c)(2), (d)(1)(B), (e)(1), & (h)(1); William B. Rubenstein, Newberg on Class Actions § 8:1 (5th ed. 2011) (describing four types of notice in class action litigation). The latter type of notice is derivative of a class certification that satisfies Federal Rule of Civil Procedure 23(a) and (b), and is not itself a basis to certify a class. *See Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2548-49 (2011) (observing a party seeking class certification must satisfy Rule 23(a) and one of the three requirements in Rule 23(b)).

Although Ms. Folks cites to various places where "notice" was invoked in her filings, the majority of these references do not demonstrate she sought the first type of notice as a basis for class certification. They illustrate instead Ms. Folks wished to notify

---

Cont.

reformation, and never indicate notice without reformation would remedy the injury suffered by members of the putative class or justify class certification.

- 17 -

the class of the pending litigation—the second type of notice—and often expressly refer to the relevant sections of Rule 23 that deal with this type of notice. In particular, Ms. Folks's argument that the class satisfied Rule 23(b)(2) specified "the main purpose of this lawsuit is to secure for all class members a declaration that their State Farm policy is unlawful and must be reformed, as well as a declaration of the effective date of reformation for all the policies at issue," and indicated notice was optional under Rule 23(c). *See, e.g.*, Aplt. App. at 86 n.13 ("If the Court certifies a class only pursuant to Fed. R. Civ. P. 23(b)(2), under which notice to class members is not mandatory, Plaintiff requests that the Court exercise its discretion to order 'appropriate notice to the class.' Fed. R. Civ. P. 23(c)(2)(A)."); Aplt. App at 87 ("Plaintiff believes that the hybrid procedure is most appropriate here, as the 23(b)(2) injunctive relief is essential, but the notice and opt out provisions of 23(b)(3) would also be beneficial to the class. Fed. R. Civ. P. 23(c)(1)-(2)."); *see also* Aplt. Reply Br. at 13-16 (invoking the discretionary notice provisions of Fed. R. Civ. P. 23(d)(1)(B) and Fed. R. Civ. P. 23(c)(2)(A)).[22] Ms. Folks's requests for the class to be notified about the class-wide suit to obtain reformation and damages do not preserve the argument she makes on appeal, which specifically seeks

---

[22] Ms. Folks cites *Kyriazi v. Western Electric Co.*, 647 F.2d 388, 395 (3d Cir. 1981), to argue she did not need to amend her complaint to seek notice as a form of relief. In *Kyriazi*, the trial court ordered notice of a pending class-action lawsuit, not notice as a form of class-wide relief. *Id.* at 391. The court of appeals indicated that when liability against the defendant was established, the class should be notified under Rule 23(d)(2). *Id.* at 395. *Kyriazi* does not support the contention that, where notice is the relief sought, a plaintiff need not seek that relief in the complaint or motion for class certification.

- 18 -

notice as a form of relief.

Second, to preserve her argument on appeal, Ms. Folks must not only show she identified the issue for the district court, but also that she sought a ruling on it. Our test for forfeiture requires that a party "alerts the district court to the issue *and seeks a ruling*." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) (quotations omitted) (emphasis added). "[W]e have held that where an issue is raised *but not pursued* in the trial court, it cannot be the basis for the appeal." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993) (emphasis added).

Ms. Folks did not seek a certification ruling on class-wide notice. Instead, the motion for class certification plainly sought reformation and damages to remedy the alleged class-wide injury caused by the application of the Pedestrian Limitation. Ms. Folks requested that the court notify the class after it had reformed their contracts and established a date of reformation, but forthrightly acknowledged such notice "is not required under [Rule 23]." Aplt. App. at 76. Here, as elsewhere, Ms. Folks indicated notice was discretionary. *See id.* at 76, 86 n.13, 87.

Indeed, Ms. Folks's motion for certification repeatedly indicated notice would *not* suffice to provide meaningful relief to the class, and emphasized contract reformation was essential. The class-wide injury Ms. Folks alleged—that each class member "has suffered the same harm in not being afforded enhanced PIP benefits"—cannot be cured by notice, which would not reform the class members' contracts to provide enhanced PIP benefits. *Id.* at 74. Without reformation, the insurer would not be required to pay the

- 19 -

additional benefits under *Brennan*, which Ms. Folks herself pointed out in her filings.

*See id.* at 76, 517, 524.[23]  As Ms. Folks noted, "[T]he declaratory relief of the first phase

must be addressed before any other issues may be considered, as judicial action on

reformation is necessary to require the insurer to pay the additional benefits."  Aplt. App.

at 76.  Ms. Folks cannot argue before the district court that notice is optional and

reformation is necessary to relieve class-wide injury, and then argue for the first time on

appeal that the district court should have considered notice as a basis for class

certification.

## 2. **Notice as an Implicit Basis for Certification**

Ms. Folks suggests that, "[b]ecause injured pedestrians are third-party insureds

---

[23] For example, in reply to State Farm's response to her motion for class certification, Ms. Folks observed:

> Without reformation, the contracts at issue all contain only the lower level of benefits written into the policy.  State Farm, in its Voluntary Payment Program ("VPP"), has taken advantage of this fact by failing to accurately describe what additional benefits and coverage class members are entitled to receive under a properly-reformed policy.  Thus, reformation—and setting an effective date of reformation—is essential to securing the legal rights to coverage for all class members, properly notifying all class members of the actual terms of the reformed policies, and providing a mechanism to enforce State Farm's obligations to pay additional overdue benefits.

Aplt. App. at 517-18.  On that basis, Ms. Folks characterized the declaratory relief of reformation as "essential."  Aplt. App. at 519.  We fail to see how the district court or State Farm could have understood Ms. Folks to be saying notice without reformation would merit class certification.

and generally unaware of their rights, notice was always a necessary incident of the requested declaration." Aplt. Reply Br. at 16. We find this attempt to deduce a request for notice unconvincing. We have previously rejected attempts to present vague or ambiguous claims for relief to the district court and then introduce a new, specific theory for relief on appeal, deeming the latter argument improperly preserved. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir. 1996); *Cnty. Line Inv. Co. v. Tinney*, 933 F.2d 1508, 1515 (10th Cir. 1991). "Where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial or presents a theory that was discussed in a vague and ambiguous way the theory will not be considered on appeal." *Bancamerica*, 100 F.3d at 798-99 (quotations and alteration omitted); *see also Carpenter v. Boeing Co.*, 456 F.3d 1183, 1198 n.2 (10th Cir. 2006) (applying this principle in the class action context). Ms. Folks's demand for reformation and damages does not provide cover for her to extrapolate a new, specific demand for corrective notice on appeal, especially when—as we describe above—she expressly indicated to the district court that reformation was required to provide relief to the class.[24]

3. **Sufficiency of Ms. Folks's District Court Arguments**

Finally, if Ms. Folks's passing references to "notice" or implicit demands for

---

[24] In her motion for class certification, Ms. Folks recognized the type of notice provided in the VPP was separate from contract reformation and would not reform the contracts of the putative class. Aplt. App. at 70 & n.5.

- 21 -

notice could conceivably constitute relief for the class and a basis for class certification, she has not made that argument with sufficient clarity and specificity to preserve it for appeal. "The touchstone on this issue is that vague, arguable references to a point in the district court proceedings do not preserve the issue on appeal." *Lyons*, 994 F.2d at 721 (quotations and alterations omitted). This is because such "perfunctory presentation" deprives the trial court of its opportunity to consider and rule on an issue in any detail. *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233-34 (10th Cir. 1997). As we have warned, such "minimal development of an issue in the district court could well result in forfeiture . . . given the institutional interest of a court of appeals in not resolving issues in the first instance." *Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1263 (10th Cir. 2011).

Because Ms. Folks did not argue the district court should certify a class for the purpose of delivering notice, the district court did not pass on the viability of notice as a basis for class certification or as a form of relief. The court only considered whether "the case be certified as a Rule 23(b)(2) case for the purposes of the declaratory relief regarding the reformation of the underlying policies and a Rule 23(b)(3) class for the purposes of damages arising from the reformation." *Folks v. State Farm Mut. Auto. Ins. Co.*, 281 F.R.D. 608, 618 (D. Colo. 2012). "In order to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time." *Tele-Commc'ns*, 104 F.3d at 1233. Without the benefit of the trial court's determination, we decline to reach

the issue for the first time on appeal.

* * *

Ms. Folks seeks only a declaration that State Farm's policy limitation is invalid—a point settled by *Clark I* and *Brennan*—and corrective notice to class members. We deem this novel argument on appeal for class certification forfeited. We may "entertain forfeited theories on appeal, but we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result." *Richison*, 634 F.3d at 1127. Here, Ms. Folks has failed to argue plain error, which "surely marks the end of the road for an argument for reversal not first presented to the district court." *Id.* at 1131.

Having determined Ms. Folks has forfeited her class certification arguments, we need not address the district court's conclusions regarding Rule 23(a) and Rule 23(b)(2) and affirm the district court.

B. *Individual Claims*

In addition to her class claims, Ms. Folks appeals the district court's calculation of damages in her own case. We determine the district court properly calculated damages and affirm its judgment.

1. **Treble Damages**

The parties dispute whether the district court correctly interpreted § 10-4-708(1.8). We review questions of statutory interpretation de novo. *United States v. Nacchio*, 573 F.3d 1062, 1087 (10th Cir. 2009).

- 23 -

At trial, the jury awarded Ms. Folks $40,000 in unpaid benefits under § 10-4-708(1) and found State Farm acted willfully and wantonly when it denied payment of insurance benefits to Ms. Folks.[25] The district court calculated damages for willful and wanton conduct under § 10-4-708(1.8), which awards "an amount which is three times the amount of unpaid benefits recovered."[26] It interpreted § 10-4-708(1.8) to entitle Ms. Folks to an award totaling $120,000—three times the $40,000 in unpaid benefits found

---

[25] In relevant part, § 10-4-708(1) states:

Benefits for any period are overdue if not paid within thirty days after the insurer receives reasonable proof of the fact and amount of expenses incurred during that period; except that an insurer may accumulate claims for periods not exceeding one month and benefits are not overdue if paid within fifteen days after the period of accumulation. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within thirty days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within thirty days after such proof is received by the insurer. In the event that the insurer fails to pay such benefits when due, the person entitled to such benefits may bring an action in contract to recover the same.

Colo. Rev. Stat. § 10-4-708(1).

[26] In relevant part, § 10-4-708(1.8) states:

The insurer shall pay interest to the insured on the benefits recovered at a rate of eighteen percent per annum, with interest commencing from the date the benefits recovered were due. In addition, in the event of willful and wanton failure of the insurer to pay such benefits when due, the insurer shall pay to the insured, in addition to any other amounts due to the insured under this subsection (1.8), an amount which is three times the amount of unpaid benefits recovered in the proceeding.

Colo. Rev. Stat. § 10-4-708(1.8).

by the jury.[27]  The court therefore decided the jury's award of $40,000 in damages entitled Ms. Folks to a total of $120,000 for both breach of contract under § 10-4-708(1) and willful and wanton failure to pay benefits under § 10-4-708(1.8).

Ms. Folks argues the plain language of § 10-4-708(1.8) mandates payment of treble damages independent of and in addition to underlying benefits, that is, $160,000— the $40,000 in unpaid benefits plus $120,000 in treble damages.[28]  She argues we should construe the CAARA in its entirety, and contends § 10-4-708(1.8), which awards pre-judgment interest as well as treble damages, does not purport to include the unpaid benefits recoverable under § 10-4-708(1).  She also contends the repetition in § 10-4-708(1.8) of the word "amount" in the phrase "an amount which is three times the amount of unpaid benefits recovered in the proceeding" makes clear the court is to award two amounts, and the word "recovered" must refer to the amount of unpaid benefits or it

---

[27] The Colorado Court of Appeals reached the same result in *Tait ex rel. Tait v. Hartford Underwriters Insurance Co.*, 49 P.3d 337 (Colo. App. 2001).  The *Tait* court said, "[T]he phrase 'in addition to any other amounts due' mandates that the original amount of unpaid benefits ('other amounts due') is necessarily included in the amount trebled" in § 10-4-708(1.8).  *Id.* at 342.  In the instant case, the district court disagreed with this logic, but agreed with the ultimate result.  Like the district court, we do not find the logic of *Tait* persuasive.  The full phrase is "in addition to any other amounts due to the insured under this subsection (1.8)," which refers to the prejudgment interest due under subsection 1.8, and not to unpaid benefits generally, which are awarded under other portions of CAARA.

[28] On appeal, Ms. Folks only argues the $40,000 and $120,000 awards should be additive.  She does not contest the district court's nullification of the additional $96,000 awarded by the jury.

- 25 -

would be surplusage. Ms. Folks finally notes *Williams v. Farmers Insurance Group, Inc.*, 781 P.2d 156, 160 (Colo. App. 1989), affirmed an award of treble damages in addition to underlying benefits.

The district court correctly construed § 10-4-708(1.8) when it calculated treble damages. The text provides for two types of payments. The first sentence of the subsection states: "The insurer shall pay interest to the insured on the benefits recovered at a rate of eighteen percent per annum, with interest commencing from the date the benefits recovered were due." Colo. Rev. Stat. § 10-4-708(1.8). The second sentence of the subsection states: "In addition, in the event of willful and wanton failure of the insurer to pay such benefits when due, the insurer shall pay to the insured, in addition to any other amounts due to the insured under this subsection (1.8), an amount which is three times the amount of unpaid benefits recovered in the proceeding." *Id.*

First, the district court's calculations follow the plain meaning of the statute. The statute specifies the trebled damages are in addition to other amounts due "under this subsection (1.8)," and not in addition to other amounts due under other sections of CAARA. The only other amount due under subsection (1.8) is pre-judgment interest, not the unpaid benefits under the policy, which are due under subsection (1). Nothing in the statutory text indicates a court is supposed to add the trebled amount to the amount of

actual damages awarded.[29]

Second, precedent supports this reading. In addition to *Tait*, other cases have regarded treble damages under § 10-4-708(1.8) as non-additive. *See, e.g.*, *Mid-Century Ins. Co. v. Travelers Indem. Co. of Ill.*, 982 P.2d 310, 313 n.6 (Colo. 1999) ("Statutory treble damages are calculated by taking the amount of benefits recovered, then multiplying that amount by three. *See* [Colo. Rev. Stat.] § 10-4-708(1.8). Treble damages awarded in this case amounted to $172,167.27."); Answer Brief at 6, *Mid-Century Ins. Co.*, 982 P.2d 310 (No. 98SC26), 1998 WL 34193699 (specifying the underlying damages in the *Mid-Century* case were $57,389.09); Brief of Plaintiff-Appellant at 8, 19, *Potter v. State Farm Mut. Auto. Ins. Co.*, 21 P.3d 874 (Colo. App. 2001) (No. 1999CA1995), 2000 WL 35537365 (observing the trial court "awarded the Plaintiff a sum equal to the amount of unpaid PIP benefits . . . plus two times that amount for total damages recoverable under the PIP statute," rejected the argument that treble damages are to be added to the underlying damages award, and "ruled, as a matter of law, that 'you treble the amount of unpaid benefits and that is all you get'").[30]

---

[29] We find Ms. Folks's statutory arguments unavailing. Repeating the word "amount" does not give any indication the amounts are to be separate and independent awards, and the word "recovered" merely means courts should treble the amount of actual damages the plaintiff recovers rather than other amounts alleged during the course of the litigation.

[30] The appellate decisions in these cases do not specify how the trial court calculated damages, but the parties' briefs detail how the trial court trebled the actual damages to calculate the total damage award.

Furthermore, the Colorado Supreme Court and Colorado Court of Appeals have consistently treated other statutory treble damages provisions as non-additive. *See Gen. Steel Domestic Sales, LLC v. Bacheller*, 291 P.3d 1, 5 (Colo. 2012) (en banc) (illustrating treble damages under Colo. Rev. Stat. § 13-21-102 are non-additive); *Mishkin v. Young*, 107 P.3d 393, 395-96 (Colo. 2005) (en banc) (illustrating treble damages under Colo. Rev. Stat. § 38-12-103 are non-additive); *Hall v. Walter*, 969 P.2d 224, 228 (Colo. 1998) (en banc) (illustrating treble damages under Colo. Rev. Stat. § 6-1-113(2) are non-additive); *Heritage Vill. Owners Ass'n, Inc. v. Golden Heritage Investors, Ltd.*, 89 P.3d 513, 514 (Colo. App. 2004) (same). The Supreme Court of Colorado has not treated treble damages as additive even in statutes where they are intended to act as a punitive measure. *See Hall*, 969 P.2d at 229. It would be inconsistent to treat them as a harsher additive sanction in a context where Colorado courts have indicated they are not intended to be punitive. *See Farmers Grp., Inc. v. Williams*, 805 P.2d 419, 427 (Colo. 1991) (en banc).

This reading of Colorado law accords with our cases and those of Colorado courts. *See, e.g.*, *Wilson v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 261, 266 (10th Cir. 1991) (instructing the district court "to treble the damages, if any, determined under the gross income claim" but not specifying these were to be awarded separately); *Munoz v. State Farm Mut. Auto. Ins. Co.*, 968 P.2d 126, 128 (Colo. App. 1998) (noting "the trial court invoked § 10-4-708(1.8) . . . and trebled plaintiff's damage award on her statutory

- 28 -

claim").[31]  The plain meaning of the statute and existing precedent indicate treble

damages are not additive, and we affirm the district court.

2. **Pre-Judgment Interest**

Because the district court's calculation of interest was based on a legal conclusion

regarding the date of breach, we review the district court's determination de novo.  *See*

*AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009)

("Although an award of prejudgment interest is generally reviewed for abuse of

discretion, any statutory interpretation or legal analysis underlying such an award is

reviewed de novo." (quotations omitted)).

Colorado law obligated State Farm to pay benefits within 30 days after Ms. Folks

demonstrated an entitlement to enhanced PIP benefits.  *See* Colo. Rev. Stat. § 10-4-

708(1.8) (requiring the insurer to "pay interest to the insured on the benefits recovered at

the rate of eighteen percent per annum, with interest commencing from the date the

benefits recovered were due"); *id.* § 10-4-708(1) (explaining benefits are overdue "if not

---

[31] Ms. Folks cites *Murphy v. Leon*, No. 12-CV-02758-LTB, 2013 WL 2383000 (D. Colo. May 30, 2013), and *Williams*, 781 P.2d 156, but these decisions are not instructive. Neither opinion specifies whether the court added the damage and treble damage amounts together or ultimately awarded only the amount of treble damages.

When *Williams* reached the Colorado Supreme Court, its analysis invoked a California decision which treated treble damages as non-additive, *see Farmers Grp., Inc.*, 805 P.2d at 427 (citing *Kelly v. Yee*, 213 Cal. App. 3d 336, 341 (Cal. Ct. App. 1989)), and likened the statute to the treble damages provision in antitrust law, *id.*, which is also non-additive.  *See, e.g.*, *Am. Soc'y of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 575-76 (1982) (affirming the award of non-additive treble damages under federal antitrust law).

paid within thirty days after the insurer receives reasonable proof of the fact and amount of expenses"). Ms. Folks submitted a small bill for $64.73 on June 16, 2002. State Farm did not pay the bill, and notified Ms. Folks in a letter dated July 11, 2002, that she had exhausted medical benefits and that any additional bills should be sent to her health carrier. On September 14, 2012, the district court reformed Ms. Folks's policy to provide enhanced PIP benefits as of July 11, 2002. The court determined State Farm was not obligated to pay benefits until Ms. Folks submitted documentation establishing she was entitled to benefits, which first occurred on May 13, 2009. It concluded the benefits were due to Ms. Folks 30 days later on June 12, 2009.

Ms. Folks argues she is entitled to interest on medical expenses starting from the date State Farm breached the contract. *See Vento v. Colo. Nat'l Bank-Pueblo*, 907 P.2d 642, 647-48 (Colo. App. 1995) (concluding pre-judgment interest under a different statute is assessed beginning from the date of injury). She argues that because State Farm wrongly instructed her on July 11, 2002 that coverage was exhausted and deterred her from submitting additional medical claims, she had a claim for total breach of contract as of that date and was excused from future performance.

Under the Colorado statute, Ms. Folks is not entitled to additional pre-judgment interest. Even if anticipatory repudiation occurred on July 11, 2002 and Ms. Folks can demonstrate a breach of contract, this does not entitle her to statutory pre-judgment interest. The district court relied on the plain language of § 10-4-708(1.8), which obligated State Farm to pay interest to Ms. Folks "from the date the benefits recovered

- 30 -

were due." Colo. Rev. Stat. § 10-4-708(1.8). Under another subsection of the statute, the benefits were due "thirty days after the insurer receives reasonable proof of the fact and amount of expenses incurred." *Id.* § 10-4-708(1). The statute neither references nor depends on whether the contract had been breached. It establishes its own prerequisites for the payment of interest. State Farm was liable only for bills received after the reformed contract with Ms. Folks took effect on July 11, 2002, and was not liable for bills sent before then when it had no obligation to refund Ms. Folks beyond the amount it had already provided.

Whether Ms. Folks may recover for breach of contract and for willful and wanton breach does not factor into the statutory determination of pre-judgment interest. The district court correctly calculated Ms. Folks's pre-judgment interest based on the plain meaning of the statute.

## III. **CONCLUSION**

We affirm the district court's denial of class certification, calculation of treble damages, and calculation of pre-judgment interest.