FILED
United States Court of Appeals
Tenth Circuit

March 4, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY J. LUCERO,

      Plaintiff - Appellant,

v.

UNITED STATES,

      Defendant - Appellee.

No. 20-1163
(D.C. No. 1:17-CV-00797-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Anthony Lucero, proceeding pro se, appeals the district court's grant of

summary judgment on his claims asserted against the United States under the Federal

Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671–2680, stemming from an

incident at a Veterans Affairs (VA) clinic in Pueblo, Colorado. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Lucero is a veteran of the United States Marine Corps. He suffers from post-traumatic-stress disorder and anxiety. In 2012, he went to the VA clinic to see his psychiatrist, Dr. Charles Bonney. Lucero was upset because he had lost a legal-malpractice lawsuit, and he made threatening statements toward the judge and attorneys involved in the case that prompted Dr. Bonney to call the police, to arrange for Lucero's admission to a nearby hospital, and to record the incident in Lucero's medical record.

In 2017, Lucero sued the United States, alleging Dr. Bonney had made false statements to the hospital and law-enforcement officers in connection with the 2012 incident. Lucero further alleged that these false statements had reappeared several times in his medical records. In his second amended complaint, Lucero asserted three claims for relief. The first two concerned Dr. Bonney's statements and the impact those statements allegedly had on Lucero's reputation, mental health, and ability to continue his VA treatment. Lucero sought monetary damages and an injunction ordering Dr. Bonney to correct his entries in the medical records. The third claim for relief concerned the VA's processing of his claim before he brought suit.

The government moved to dismiss the third claim for lack of subject-matter jurisdiction because Lucero had failed to exhaust his administrative remedy for that claim. The government also explained that it would construe the first and second claims as alleging a claim for defamation under Colorado law and that it would be

2

answering those allegations separately. The district court granted the motion and dismissed the third claim.

The government then moved for summary judgment on the remaining claims. The district court ruled that if Lucero's complaint asserted claims against the government under statutes other than 38 U.S.C. § 7316 or asserted constitutional claims for money damages, those claims must be dismissed without prejudice for lack of subject-matter jurisdiction because the government had not waived its sovereign immunity for those claims. The court next granted summary judgment to the United States on Lucero's defamation claims against Dr. Bonney[1],noting (1) a lack of any evidence that the allegedly defamatory statements had been published to any third parties and (2) a qualified privilege to make the challenged statements. Lucero now appeals.[2]

**DISCUSSION**

Because Lucero proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing

---

[1] The district court allowed Lucero to maintain his claim against Dr. Bonney, as a VA employee, under 38 U.S.C. § 7316(f). That subsection clarifies that the exception to a waiver of sovereign immunity found at 28 U.S.C. § 2680(h) for false statements does not apply to suits arising from the "wrongful act or omission" of a medical provider "while in the exercise of such person's duties in or for the [VA]."

[2] Lucero has not appealed the district court's dismissal of his third claim for relief or the dismissal of his constitutional and statutory claims against the government. Accordingly, any arguments related to those claims are deemed waived and we do not consider them. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 737 (10th Cir. 2015).

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We review the grant of summary judgment de novo. *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation marks omitted).

Lucero raises three arguments on appeal: (1) Dr. Bonney repeatedly published false statements in his medical records; (2) summary judgment was premature because there was reason to doubt the credibility of Dr. Bonney's declaration, which the United States submitted in support of its motion; and (3) the defendants violated his rights under the Health Insurance Portability and Accountability Act (HIPAA).

Regarding the first argument, under Colorado defamation law, a plaintiff must show publication to a third party. *See Williams v. Dist. Ct.*, 866 P.2d 908, 911 n.4 (Colo. 1993). But Lucero has not alleged that Dr. Bonney shared the allegedly defamatory progress notes with anyone outside the VA. *See* R. Vol. 2 at 103:20–23. And Lucero has offered no evidence controverting the United States' assertion in its motion for summary judgment that the challenged portions of his medical records were ever published.

4

Further, Colorado has extended a qualified privilege to a physician's statements made by a physician regarding diagnosis and treatment for a patient, *see Williams v. Boyle*, 72 P.3d 392, 401 (Colo. App. 2003), *as modified on denial of reh'g* (Feb. 6, 2003), and to reports to law enforcement about possible criminal conduct, *see Lawson v. Stow*, 327 P.3d 340, 346 (Colo. App. 2014). When a communication is subject to a qualified privilege, a plaintiff must show malice to overcome the privilege—i.e., that "the [speaker] knew the statement was false or acted in reckless disregard as to its veracity." *Churchey*, 759 P.2d at 1347.

On appeal, Lucero expounds further upon his reasons for challenging the truth of the statements Dr. Bonney made in his medical records. But these arguments do not address the fundamental shortcomings of his complaint: Lucero presented no evidence that Dr. Bonney acted with actual malice when he made notations in his medical record or when he spoke to VA staff and law enforcement. Lucero therefore cannot sustain a claim for defamation under Colorado law.

Lucero's second argument on appeal fails for similar reasons. While he presents a number of reasons why he believes Dr. Bonney was not truthful in his summary-judgment declaration, Lucero presented no evidence that the challenged medical records were published or that Dr. Bonney acted with actual malice. The district court correctly concluded his defamation claim failed as a matter of law for these reasons.

Lucero's third argument on appeal fails because he did not raise a claim for a HIPAA violation before the district court. *See* R. Vol. 1 at 81–86. This precludes

5

review of such a claim before this court. *Strauss v. Angie's List, Inc.,* 951 F.3d 1263, 1266 (10th Cir. 2020) ("Generally, this court does not consider arguments raised for the first time on appeal."). And, no private right of action exists under HIPAA in any event. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").

Finally, in his appellate briefs Lucero makes some isolated assertions of improper judicial bias, challenges to the denial of his motion to amend his motion for summary judgment, and criticisms of rulings related to service of process in a different case. These arguments, though, are insufficiently developed for us to consider, so we decline to review them. *See Garrett*, 425 F.3d at 841.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Gregory A. Phillips
Circuit Judge

6