FILED
United States Court of Appeals
Tenth Circuit

April 6, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

THE RETIRED PUBLIC EMPLOYEES
OF NEW MEXICO, INC.,

    Plaintiff - Appellant,

v.

WAYNE PROPST; SUSAN PITTARD,

    Defendants - Appellees,

and

THE PUBLIC EMPLOYEES
RETIREMENT ASSOCIATION OF
NEW MEXICO BOARD,

    Defendant.

No. 20-2063
(D.C. No. 1:19-CV-00891-WJ-KK)
(D. N.M.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **BACHARACH**, **PHILLIPS**, and **CARSON**, Circuit Judges.
———————————————————

Plaintiff, Retired Public Employees of New Mexico, Inc. (RPENM), appeals

the grant of summary judgment in favor of Defendants Wayne Propst and Susan

———————————

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Pittard, the Executive Director and Chief of Staff/General Counsel, respectively, of New Mexico's Public Employees Retirement Association (PERA). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

RPENM is a non-profit association whose members include former New Mexico public employees entitled to PERA retirement benefits. RPENM sued the PERA Board, Propst, and Pittard, alleging they improperly increased the compensation of certain PERA employees and reclassified certain employees, diminishing available funds to PERA beneficiaries. RPENM pled six claims for relief, three under federal law and three under state law. The federal law claims, brought under 42 U.S.C. § 1983, asserted Defendants violated RPENM's members' rights to procedural and substantive due process under the Fourteenth Amendment and constituted an uncompensated taking under the Fifth Amendment.

The PERA Board moved to dismiss, arguing Eleventh Amendment immunity barred RPENM's claims. The district court agreed and granted the motion, dismissing the federal claims based on Eleventh Amendment immunity and declining to exercise supplemental jurisdiction over the remaining state-law claims.

Subsequently, Propst and Pittard moved for summary judgment, arguing, inter alia, that RPENM lacked standing and they were entitled to qualified immunity. After briefing on the summary judgment motion, the district court granted summary judgment on a different ground than those argued by Propst and Pittard. The district court concluded RPENM's claims against Propst and Pittard were, in substance,

2

brought against them in their official capacities. The federal claims were therefore subject to dismissal based on Eleventh Amendment immunity and because state officials acting in their official capacities are not liable under § 1983.[1] The district court declined to exercise supplemental jurisdiction over the remaining state-law claims against Propst and Pittard. RPENM appeals.

## DISCUSSION

### 1. Standard of Review

We review the district court's grant of summary judgment de novo. *See Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021). "Summary judgment is required when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

### 2. Sua sponte dismissal

We first address RPENM's argument that the district court erred by granting summary judgment on a basis other than those urged in Propst and Pittard's motion—

---

[1] The district court's conclusion that the claims against Propst and Pittard were official-capacity claims compelled dismissal based on its previous order that the PERA Board was an arm of the state and thus protected by Eleventh Amendment Immunity. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff does not appeal the court's order granting the PERA Board's motion to dismiss, its concomitant conclusion that the PERA Board is immune from suit under the Eleventh Amendment, or its decision not to exercise supplemental jurisdiction over the state law claims. Any arguments related to those claims are therefore deemed waived, and we do not consider them. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 737 (10th Cir. 2015).

a basis raised by the court sua sponte. Although we "generally don't favor" such grants of summary judgment, they are permissible "if the losing party was on notice that [it] had to come forward with all of [its] evidence. And even if such notice is lacking, we will still affirm a grant of summary judgment if the losing party suffered no prejudice from the lack of notice." *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1214 (10th Cir. 2010) (alteration, citation, and internal quotation marks omitted).

RPENM argues it did not receive sufficient notice and opportunity to respond to the grounds upon which the district court entered summary judgment. Even assuming insufficient notice, however, we conclude RPENM suffered no prejudice. The district court's summary judgment decision rested on a purely legal basis: its conclusion that the claims against Propst and Pittard were addressed to their official capacities and therefore failed as a matter of law. This conclusion would not have changed even if RPENM submitted additional evidentiary material. We therefore decline to reverse the district court's order solely because it ruled sua sponte.

3.     *Construction of RPENM's claims*

We next address RPENM's argument that the district court erred in construing its claims against Propst and Pittard as official-capacity claims. RPENM argues the district court erred in so characterizing its claims because (a) the complaint caption expressly listed Propst and Pittard in their individual capacities; (b) the Eleventh Amendment does not apply to individual-capacity claims; (c) damages against Propst and Pittard would not come from the state treasury; and (d) the course of proceedings

4

showed RPENM intended to sue Propst and Pittard in their individual capacities. We reject each of these arguments in turn.

As to RPENM's argument that its caption specified it was suing Propst and Pittard in their individual capacities, "[i]n discerning whether a lawsuit is against a defendant personally or in his official capacity, the caption may be informative but clearly is not dispositive." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). RPENM argues *Pride* applies only where there is ambiguity regarding the capacity in which the plaintiff is suing a government official and that there is no such ambiguity here. But the substance of RPENM's allegations against Propst and Pittard unambiguously concern actions they took (or failed to take) in their official capacities. RPENM alleged Propst "unilaterally . . . approved and allocated raises in compensation to himself and exempt employees" and that Pittard "counseled, promoted, and supported" the challenged unauthorized salary and benefit increases. Aplt. App. at 13. These allegations necessarily concern actions Propst and Pittard took as Executive Director and General Counsel/Chief of Staff of PERA. The district court therefore did not err in looking past the complaint caption when it characterized the claims against Propst and Pittard as official-capacity claims.

While RPENM correctly notes Eleventh Amendment immunity does not extend to state officials sued in their individual capacity, its further conclusion—that the district court "engaged in supporting the very theory of immunity rejected by the Supreme Court [by] immunizing public officials like Propst and Pittard for the simple reason that their unlawful acts and failures to act occurred while they held a public

5

office," Aplt. Br. at 16, lacks record support. The district court characterized the claims against Propst and Pittard as official-capacity claims not simply because they occurred while Propst and Pittard held a public office, but because they concerned actions Propst and Pittard took (or failed to take) as public officials.

Moreover, RPENM sought as damages "the statutory remedy of the return to the PERA beneficiaries the value of lost retirement benefits or a greater value in relation to the unlawful salary and benefit raises accrued over the past five (5) years." Aplt. App. at 23. Retirement benefits for New Mexico public employees come from a trust fund established in the New Mexico Constitution. *See* N.M. Const. Art. XX, § 22 (A). The relief RPENM sought therefore necessarily would have come from the New Mexico treasury, even if RPENM nominally directed its claims at state officials. The Eleventh Amendment bars such claims. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

RPENM argues the district court erred in concluding it was suing Propst and Pittard in their official capacities because the damages it sought—lost retirement benefits—"would ultimately come from the State of New Mexico." Aplt. App. at 113. RPENM also argues the district court's reasoning was contrary to *Hafer v. Melo*, 502 U.S. 21, 30 (1991), in which the Supreme Court held the Eleventh Amendment does not bar suits against state officials in their individual capacities. But while RPENM's reading of *Hafer* is unproblematic, its reading of the district court's order is incorrect. The district court did not conclude the Eleventh

6

Amendment protected Propst and Pittard even though RPENM sued them in their individual capacities. It concluded RPENM's claims against Propst and Pittard, which alleged official misconduct and sought damages that would necessarily come from the New Mexico state treasury, were really official-capacity claims that were therefore barred by the Eleventh Amendment.

RPENM also argues that, even looking beyond its complaint, the course of the proceedings as a whole showed its claims against Propst and Pittard were individual-capacity claims. To this end, it points to its request for punitive damages, its allegations that Propst and Pittard were personally involved in the events giving rise to its claim, its reference to Propst and Pittard as individuals, and Propst and Pittard's defense of qualified immunity. We reject this argument because, although the district court did not give controlling weight to the caption in RPENM's complaint, it did not look beyond the complaint itself to conclude RPENM's claims were, in substance, asserted against Propst and Pittard in their official capacities.

4. *Waiver*

Finally, RPENM argues that, even if Propst and Pittard were sued in their official capacities and otherwise entitled to Eleventh Amendment immunity, the district court erred in concluding they did not waive that immunity. We need not resolve this argument because, as the district court concluded below, even if Eleventh Amendment immunity was waived, making way for a § 1983 claim, a state official acting in his official capacity is not a "person" within the scope of a § 1983 claim for damages. *See Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114, 1117

7

(10th Cir. 2010).  RPENM does not challenge that conclusion on appeal.  Because the district court correctly construed RPENM's complaint as asserting official-capacity claims against Propst and Pittard, RPENM's § 1983 claims necessarily failed as a matter of law.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Joel M. Carson III
Circuit Judge