**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANA GUARDADO,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,
d/b/a Denver International Airport,

    Defendant - Appellee.

No. 24-1415
(D.C. No. 1:22-CV-03277-JLK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Ana Guardado appeals from the district court's dismissal of her premises-liability claim for lack of subject matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Ms. Guardado alleges that on August 8, 2021, she tripped on a floor mat while moving through a Transportation Security Administration ("TSA") Security Screening Checkpoint ("SSCP") at the Denver International Airport ("DIA") and experienced significant injuries. Her initial claims against the Department of Homeland Security were dismissed for failure to exhaust her administrative remedies. Ms. Guardado then filed an amended complaint solely against the City and County of Denver ("Denver"), alleging that Denver and TSA jointly controlled the SSCP and that the floor mat in the SSCP constituted a dangerous condition under the Colorado Premises Liability Act that was proximately caused by Denver's negligence in maintaining the SSCP.

Denver filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting a factual challenge to Ms. Guardado's allegations that Denver jointly controlled the SSCP and caused a dangerous condition at DIA. Attaching a declaration from its Vice President of Airport Operations, Sarah Marquez, Denver claimed it was undisputed that Denver did not supervise, monitor, control, or maintain the SSCP and did not supply TSA with the floor mats used in the SSCP. Accordingly, Denver argued there was no waiver of sovereign immunity under the Colorado Governmental Immunity Act ("CGIA") because it had not engaged in any negligent act or omission that created a dangerous condition in a public building. *See* Colo. Rev. Stat. § 24-10-106(c). Alternatively, to the extent there were disputed jurisdictional facts to resolve, Denver requested an evidentiary hearing pursuant to

*Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo. 1993).

To rebut Denver's factual challenge to jurisdiction, Ms. Guardado submitted a declaration by her attorney, Mr. Cwiklo, purporting to challenge the credibility of Ms. Marquez's declaration. Attached as exhibits were both a screenshot of a webpage and a copy of a press release stating that "DEN has worked closely with TSA to create a plan to improve passenger flow through security." Aplt. App. at 94, 98. Mr. Cwiklo's declaration also pointed to a federal regulation, 49 C.F.R. § 1542.3(3)-(4), that requires an Airport Service Coordinator, a DIA employee, to review all security-related functions with sufficient frequency and initiate corrective action for any instance of non-compliance. Ms. Guardado argued that this evidence established Denver's joint control over the SSCP. Although Ms. Guardado requested the opportunity to engage in written discovery and depositions, she explicitly opposed a *Trinity* evidentiary hearing.

The district court granted Denver's motion to dismiss, finding that Ms. Guardado had failed to plead or present evidence to show Denver, through its maintenance of DIA property, had created a dangerous condition in the form of a floor mat in the SSCP. On this basis, the district court held that Denver had not waived its sovereign immunity by virtue of the "dangerous condition of any public building" exception to the CGIA. *See* Colo. Rev. Stat. § 24-10-106(c). In reaching this conclusion, the district court noted that Ms. Guardado never requested a *Trinity* evidentiary hearing and, in fact, expressly rejected such a hearing in her briefing.

3

## II

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may take two forms: a facial attack or a factual attack. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id*. When considering evidence pursuant to a factual attack, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (internal quotation marks omitted). Therefore, a plaintiff may not rely on "[m]ere conclusory allegations of jurisdiction" but must provide facts to support a showing of jurisdiction by a preponderance of the evidence. *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Consideration of material beyond the pleadings does not convert a Rule 12(b)(1) motion to dismiss into a summary judgment motion under Federal Rule of Civil Procedure 56. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).[1]

---

[1] Ms. Guardado argues that Denver's motion to dismiss should be treated as a motion for summary judgment because the jurisdictional question is intertwined with the merits of the case. *See Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008). The district court held that this argument was abandoned as Ms. Guardado did not explain any alleged interconnectedness in her briefing, and we decline to consider it on appeal. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 740

4

We review dismissal for lack of subject matter jurisdiction *de novo*. *Baker*, 979 F.3d at 871. We review the district court's findings of jurisdictional facts for clear error. *Id.* Although we review the district court's dismissal for lack of jurisdiction *de novo*, we recognize that the district court "has the exclusive function of appraising credibility, determining the weight to be given testimony, drawing inferences from facts established, and resolving conflicts in the evidence." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1305 (10th Cir. 2015).

**A**

While the CGIA establishes governmental tort immunity from actions filed against public entities, it also provides waivers under which an individual may maintain such an action. Colo. Rev. Stat. § 24-10-106. At issue in this case is the immunity waiver for injuries caused by a dangerous condition of any public building. *See* Colo. Rev. Stat. § 24-10-106(c). The Colorado Supreme Court has construed this waiver of immunity to apply if these four conditions are met:

> [1] the injury was a result of the physical condition of the public facility or the use thereof;
> [2] the condition constitutes an unreasonable risk to the health or safety of the public;
> [3] the condition is known to exist or should have been known to exist in the exercise of reasonable care; and

---

(10th Cir. 2015) ("Where a litigant . . . presents a theory that was discussed in a vague and ambiguous way the theory will not be considered on appeal." (internal quotation marks omitted)). Alternatively, Ms. Guardado argues that the district court *did* treat Denver's motion as a motion for summary judgment and erroneously ruled on the merits of her negligence claim. We see no evidence of this in the district court's decision.

[4] the condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining the facility.

*See Walton v. State*, 968 P.2d 636, 644 (Colo. 1998).

On appeal, Ms. Guardado first contends that as landowner of DIA, Denver had a nondelegable duty to inspect and maintain the floor and floor mats at DIA and that this nondelegable duty is sufficient to establish waiver based on a dangerous condition. This argument misunderstands the requirements of the fourth *Walton* factor. Neither Denver nor the district court disagree that Denver is the landowner of DIA and owes "a nondelegable duty to protect invitees . . . from an unreasonable risk to their health and safety due to a negligent act or omission in constructing or maintaining the facility." *Springer v. City & Cnty. of Denver*, 13 P.3d 794, 797 (Colo. 2000). But ownership of a building containing an allegedly dangerous condition is not by itself sufficient to establish a waiver of sovereign immunity under the CGIA. *See Swieckowski v. City of Fort Collins*, 934 P.2d 1380, 1384 (Colo. 1997) (explicitly rejecting the argument that "mere ownership of the condition" sufficed to satisfy the fourth *Walton* factor).

Instead, immunity waiver under § 24-10-106(c) requires a showing that the dangerous condition can be attributed to the landowner's construction or maintenance of the public facility. *See* Colo. Rev. Stat. § 24-10-103 (1.3); *Walton*, 968 P.2d at 644. Indeed, even in *Springer*, the only case Ms. Guardado cites in support of this argument, the court looked beyond the city's ownership of the facility where the plaintiff was injured to consider whether the dangerous condition at issue was

attributable to either the construction or maintenance of the facility. *Springer*, 13 P.3d at 802 ("[A] landowner is liable for dangerous conditions of the property whenever the landowner is in a position to discover and correct these conditions— here, where those conditions are associated with construction or maintenance."). Ms. Guardado's argument that Denver's status as a landowner is sufficient to establish waiver is not supported by caselaw. She bears the burden of showing by a preponderance of the evidence that the floor mats that caused her injury were a physical condition attributed to Denver's maintenance of DIA. She has not carried this burden.

**B**

Alternatively, Ms. Guardado acknowledges her evidentiary burden but argues the district court was wrong in concluding that she did not meet it.

Under the CGIA, maintenance is defined as keeping a building "in the same general state of being, repair, or efficiency as initially constructed." *Swieckowski*, 934 P.2d at 1385 (emphasis omitted). Maintenance "does not include any duty to upgrade, modernize, modify, or improve the design or construction of a facility." *Id.* (internal quotation marks omitted). Turning first to Ms. Guardado's allegations, nowhere in the amended complaint does she allege that the floor mat that caused her injuries was part of Denver's efforts to keep the floor in the same general state of being, repair, or efficiency as initially constructed. Simply using the word "maintenance" within the amended complaint is not enough to satisfy the fourth *Walton* factor. *See Ferrel v. Colo. Dep't of Corr.*, 179 P.3d 178, 184

7

(Colo. App. 2007) (rejecting prima facie showing as sufficient to establish waiver under the CGIA).  Likewise, Ms. Guardado cannot rely on the conclusory assertion in her briefing on appeal that "[i]t was a matter of common knowledge" that the "offending mat was part of a DIA maintenance program."  Aplt. Reply Br. at 2.

As to the evidence Ms. Guardado submitted, despite her many arguments critiquing the district court's weighing of the evidence, the district court's reliance on Ms. Marquez's declaration and determination that it was of limited—but nevertheless meaningful—value was not clearly erroneous.  We also see no error in the district court's determination that Mr. Cwiklo's declaration and accompanying exhibits were of limited evidentiary value, did not contradict Ms. Marquez's testimony, and did not indicate whether Denver had a plan for maintenance at DIA or if that plan considered floor mats at all.  Moreover, to the extent that any of Ms. Guardado's evidence could be seen as conflicting with Ms. Marquez's declaration, this alone is insufficient to establish that the district court's evidentiary determinations were clearly erroneous.[2] *See Penncro Assocs., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1161 (10th Cir. 2007).

---

[2] Any argument as to whether Ms. Marquez's declaration included improper legal conclusions was forfeited below.  *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014).  And her failure to argue plain error on appeal "marks the end of the road for an argument for reversal not first presented to the district court."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

For these reasons, we affirm the district court's conclusion that based on Ms. Guardado's arguments, and the weight of the evidence submitted, she did not make the requisite jurisdictional showing by a preponderance of the evidence.[3]

### III

Ms. Guardado also appeals on the basis that she was irreparably prejudiced by the district court's rejection of her requests to conduct discovery before ruling on the motion to dismiss.

The CGIA requires that once a public entity raises the defense of sovereign immunity, the court must immediately suspend all discovery except discovery necessary to decide the issue of sovereign immunity. Colo. Rev. Stat. § 24-10-108. Any factual disputes related to the issue of sovereign immunity under the CGIA must be resolved employing the procedures used in *Trinity*. *See Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1258 (Colo. 2003). Under *Trinity*, the parties may request, and the court may hold, an evidentiary hearing to resolve disputed issues of fact pertaining to immunity. Where, however, there is no evidentiary dispute, a trial court may rule without a hearing. *Id.* at 1260.

As an initial matter, we note that Ms. Guardado does not identify any motions pertaining to discovery before the district court that were denied. Rather, she seems

---

[3] Ms. Guardado argues that even if Denver did not purchase or acquire the floor mats at issue, it was still in a position to inspect and correct the floor mats and is liable for the dangerous condition on this basis as well. But this argument fails for the same reason—Ms. Guardado has not provided evidence to show that the inspection and correction of the floor mats would have been part of the maintenance of DIA.

to be arguing that the district court improperly rejected her request for discovery contained in the briefing on the motion to dismiss. As noted above, once sovereign immunity is invoked, the CGIA strictly limits what discovery may occur and how it may occur. Accordingly, the proper procedure for Ms. Guardado to seek additional discovery concerning whether the floor mat constituted a dangerous condition attributable to Denver's maintenance of DIA was through *Trinity* procedures. But Ms. Guardado did not request a *Trinity* hearing. In fact, in her response to Denver's motion to dismiss, Ms. Guardado explicitly opposed conducting a *Trinity* hearing.[4] Because Ms. Guardado explicitly opposed the procedure before the district court, we find her argument that she was irreparably prejudiced by the failure to conduct discovery to be waived. *See Peterson v. Martinez*, 707 F.3d 1197, 1208 (10th Cir. 2013) (stating a party "cannot be heard to complain of any alleged error he himself invited").

## IV

We affirm the district court's dismissal of Ms. Guardado's claims with prejudice.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[4] Inexplicably, Ms. Guardado continues to oppose a *Trinity* hearing in her opening brief on appeal, erroneously suggesting that they are usually reserved for undisputed facts.